# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

Klingler et al. *v.* Wick, Appellant.

*Deeds — Extent of grant — Limitation of time — Omission of words "heirs or assigns"—Corporation—Parties to suit—Third person—Consideration—Interest—Switches—Railroads — Eminent domain—Presumption—Act of April 1, 1909, P. L. 91.*

1. Where an owner of land on which a railroad switch is located executes, prior to the Act of April 1, 1909, P. L. 91, a writing by which he agrees for an annual rental to let an individual and a railroad company use the land upon which the switch is located "as long as said parties wish to use said switch" without the use of the words "heirs or assigns" or any time limit as to the grant, the use ceases upon the death of the individual grantee.

2. In such a case the railroad company cannot claim a fee, because it is a corporation having perpetual succession, where it appears that the company was not a party to the writing, and was mentioned merely incidentally because of the ownership of the railway with which connection was contemplated. The contract was not one upon which the company could maintain an action.

3. Nor in such a case can the company claim that the switch had been located by it in pursuance of its right of eminent domain, and that the rental was merely evidence of the consideration to be paid for the right, where there is no evidence to sustain this view. The reasonable inference is that the writing was contemporaneous with the location and construction of the switch, or that it was executed within a short time thereafter, and pursuant to an earlier agreement between the parties.

4. The doctrine that a third person may maintain an action on a promise made for his benefit, is limited to cases where the third

person is either a party to the consideration, or the contract created in him a legal or equitable interest entitling him to compel performance.

Argued October 8, 1919. Appeal, No. 120, Oct. T., 1919, by defendant, from decree of C. P. Butler Co., Sept. T., 1915, No. 3, for plaintiff on bill in equity in case of Paul Klingler and Paul E. Eisler, Executors of last will and testament of H. J. Klingler, deceased, and Paul E. Eisler and W. J. Klingler, executors of last will and testament of H. S. Klingler, deceased, doing business under the name, style, and title of H. J. Klingler & Co. and The Baltimore & Ohio Railroad Company, operating the Pittsburgh & Western Railroad, v. W. S. Wick. Before STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Reversed.

Bill in equity for an injunction. Before REIBER, P. J. The court awarded an injunction. Defendant appealed.

*Error assigned* was the decree awarding an injunction.

*James E. Marshall,* with him *James M. Galbreath* and *Thomas W. Watson,* for appellant.—The absence of the technical word "heirs" in the agreement is absolutely fatal, and H. Julius Klingler under the agreement acquired but a right to use the right-of-way as long as he saw fit and at most for life: Newman's App., 35 Pa. 339; Brink v. Michael, 31 Pa. 165; Gray v. Packer, 4 Watts & Sergeant 17.

The railroad company was not a party to the agreement and the naming of it in the agreement can in no way dispense with the words "heirs" in the agreement, so as to extend its term beyond the life of H. J. Klingler.

The only fact as to the switch being located prior to the agreement, is contained in the agreement itself. No

evidence was produced as to who made the location. With no more evidence than this fact of a location, mentioned in the agreement of Duffy and Klingler, the court presumes that a location and survey was made by the railroad company. Following this presumption and based on it, the court finds as a presumption of fact that the railroad, being clothed with the power of eminent domain, made the location under that power. Based on a presumption of fact growing out of another presumption of fact, the court reached his conclusion of law, which is error: Douglass v. Mitchell, 35 Pa. 440; Phila. City Pass. Ry. v. Henrice, 92 Pa. 431; Bube v. Weatherly Boro., 25 S. C. 88.

*John R. Henninger,* with him *R. P. Scott,* for appellees.—The contention of appellant that title by the right of eminent domain is not acquired until a proceedings in the court of common pleas is resorted to for the purpose of ascertaining the damages, is not well founded, and is fully answered, in case of Templeton v. L. & W. B. Coal Company, 50 Pa. Superior Ct. 341.

In a grant to a corporation the omission of the words "successors and assigns" does not prevent the passage of a title in fee simple: Riggs v. New Castle, 229 Pa. 490; Wilkes-Barre v. Wyoming Historical Society, 134 Pa. 616; Nicoll v. New York & Erie R. R. Co., 12 N. Y. 121.

OPINION BY MR. JUSTICE FRAZER, January 5, 1920:

In 1885 H. J. Klingler and H. S. Klingler, trading as Klingler & Company, were the owners of a warehouse in the Borough of Butler, used by the firm in connection with their business as dealers in grain. The lot adjoining their premises was owned by Charles Duffy. Along the opposite side of Duffy's lot was located a side track known as the "Purvis Switch" of the Pittsburgh & Western Railroad Company. Klingler & Company, to procure switch connection with the siding referred to entered into an agreement with Duffy, under seal, dated

August 1, 1885, whereby the latter agreed "to let H. J. Klingler and the P. & W. R. R. use the ground from the Purvis P. & W. switch to Klingler's warehouse, upon which said track or switch was located, as long as said parties wish to use said switch, for which second party agrees to pay twenty dollars per year and to let Duffy use said switch but not to interfere with Klingler's shipping business." Duffy subsequently leased his lot to the Butler Lumber Company, and in 1894 Klingler & Company, by agreement in writing, gave to that company the right to use the switch jointly with them, in consideration of the payment of $2 per month. On December 27, 1900, Duffy conveyed his lot to W. S. Wick, defendant in this case, "subject to lease given to H. J. Klingler and the Butler Lumber Company." Subsequently, upon the death of both Klingler and Duffy, Wick refused to pay rent for the switch and notified the parties operating the Klingler warehouse that the agreement was terminated and proceeded to remove the ties and rails from his property, thus preventing further use of the switch. Following this action by Wick, Klingler's executors and the Baltimore & Ohio Railroad Company, operating the Pittsburgh & Western Railroad, filed the bill in this case to restrain Wick from tearing up and removing or interfering with the operation and use of the switch. A preliminary injunction was granted and subsequently made permanent, from which decree this appeal was taken.

The first question for consideration is the extent of the estate passing under the agreement. We find no express grant of the property, merely an agreement to let Klingler and the railroad company use the ground on which the switch was located as long as they wished to do so, at an annual rent to be paid by the "party of the second part" who was a member of the firm of H. J. Klingler & Company. We find nothing in the agreement indicating the time for which the grant was given, nor are the words "heirs or assigns" used. The general rule of law,

previous to the passage of the Act of April 1, 1909, P. L. 91, which need not be considered here, was that a conveyance without the word "heirs" passed a life estate only: Brown v. Mattocks, 103 Pa. 16, and cases cited. This principle of law is not disputed; it is contended, however, that as the railroad company, a corporation, was mentioned in the writing, a fee passed without the use of words of inheritance or succession, on the theory that a conveyance to a corporation does not require words of succession, it being presumed to have perpetual existence. This view was adopted by the court below, reliance being had on the case of Wilkes-Barre v. Wyoming Historical Society, 134 Pa. 616, and Riggs v. New Castle, 229 Pa. 490. An examination of the facts in these cases, however, shows there were other circumstances as well as language in the conveyance indicating the parties intended to pass a fee. Furthermore, the rule is one of construction only, and cannot be held to override the intention of the parties as indicated by the wording of the grant and the circumstances connected with its execution. The railroad company was not a party to the writing and apparently was mentioned merely incidentally because of its ownership of the railway with which connection was contemplated. The agreement is between Charles Duffy and H. J. Klingler, based upon a consideration paid by Klingler, and for the latter's benefit in providing a means of access to his premises for receiving or shipping materials and supplies incident to his firm's business. No benefit to the railroad company was contemplated other than what it would receive indirectly by virtue of services furnished as a common carrier. Consequently, the contract was not one upon which that company could maintain an action. Although, as a general rule, most jurisdictions, including our own, recognize the doctrine that a third person may maintain an action on a promise made for his benefit, yet this doctrine is limited to cases where a third person is either a party to the consider-

ation or the contract created in him a legal or equitable interest entitling him to compel performance: Blymire v. Boistle, 6 Watts 182; Kountz v. Holthouse, 85 Pa. 235; Adams v. Kuehn, 119 Pa. 76. Unless the facts of the case are such as to bring it within these exceptions the general rule is that no one can sue upon a contract to which he is not a party. Tested by the foregoing principles an action could not be successfully maintained upon the contract in question by the railroad company. The agreement was made for the benefit of Klingler & Company, as a means of access by rail to their place of business. The consideration moved from Klingler & Company to Duffy and the only benefit to be obtained by the railroad was an indirect one, as stated above. The agreement must, accordingly, be construed as one existing solely between individuals, subject to the rule applicable to grants between individuals, and, the writing being without words of limitation to the grantee's heirs, the agreement terminated upon the death of the grantee, or sooner in the event he no longer desired to use the switch.

With respect to the further contention that the switch was located by the railway pursuant to its right under eminent domain, and that the agreement in question was merely evidence of the consideration to be paid for the right, we find nothing in the proofs offered by plaintiff to sustain this view. The fourth finding of the court below to the effect that, previous to the date of the agreement, the Pittsburgh & Western R. R. Co. surveyed and located the switch in question does not help plaintiffs. The agreement was dated August 1, 1885. The only evidence relating to the date of the location of the switch is found in the testimony of the supervisor of the railroad company, who stated a switch was laid across the Duffy lot under his instruction in the latter part of 1885, or the early part of 1886, and also the wording of the agreement wherein reference is made to the ground "upon which said track or switch is located." In absence of

evidence to the contrary the reasonable inference is that the writing was contemporaneous with the location and construction of the switch, or that it was executed within a short time thereafter and pursuant to an earlier agreement between the parties. Under the facts before the court we cannot presume the location and survey was made pursuant to the railroad company's right of eminent domain.

The decree entered by the court below is reversed, the injunction dissolved and the bill dismissed. Costs to be paid by appellee.