# LANG *v.* COMMISSIONER OF INTERNAL REVENUE

No. 595.  Argued March 22, 1933.—Decided April 10, 1933

*Mr. Washington Bowie, Jr.,* with whom *Mr. J. R. Sherrod* was on the brief, for petitioner.

*Mr. Whitney North Seymour,* with whom *Solicitor General Thacher* and *Messrs. Sewall Key* and *Norman D. Keller* were on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

In 1915 petitioner and her husband purchased certain real property at a cost of $13,000, title being vested in them as tenants by the entirety. Of this amount petitioner contributed $1,560 (12 per cent.), and her husband the remaining 88 per cent. The husband died in 1924, the property at that time having a market value of $40,000; and 88 per cent. of that amount was included in the value of the decedent's gross estate for the purposes of the federal estate tax. In 1925 the property was sold for the sum last named. Petitioner, in her income tax return for that year, computed the profit on the basis of the market value of the property at the time of her husband's death, with the exception of 12 per cent., representing the sum which she had contributed to the purchase price of $13,000. The Commissioner determined a deficiency, using the entire 1915 cost as the basis for computing the amount of profit realized. The Commissioner's ruling was affirmed by a decision of the Board of Tax Appeals (23 B.T.A. 854), and that in turn was affirmed by the court below. 61 F. (2d) 280.

The question to be determined, therefore, is whether cost of the property in 1915, or its market value at the time of decedent's death (with allowable deductions), is the proper basis for determining the gain from the sale in 1925.

The solution of the problem depends upon the meaning of the provision contained in § 204 (a) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 14, which reads:

"The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

"(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition."

An estate by the entirety is held by the husband and wife in single ownership, by a single title. They do not take by moieties, but both and each take the whole estate, that is to say, the entirety. The tenancy results from the common law principle of marital unity; and is said to be *sui generis.* Upon the death of one of the tenants "the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation by the other; . . ." 1 Washburn, Real Property, 6th ed., § 912. In the present case, therefore, when the husband died, the wife, in respect of this estate, did not succeed to anything. She simply continued, in virtue of the nature of the tenancy, to possess and own what she already had. Giving the words of the statute their natural and ordinary meaning, as must be done, it is obvious that nothing passed to her by bequest, devise, or inheritance.

The foregoing view is confirmed, if that be necessary, by a consideration of the language immediately following the quotation from paragraph (5), § 204 (a), *supra,* namely, "The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision . . . (c) or (f) of section 302 of this Act." Subdivision (c) deals with transfers by the decedent made in contemplation of or intended to take effect in possession or enjoyment at or after his death; and subdivision (f) has reference to property passing under a general power of appointment, exercised by the decedent

by will or deed in like contemplation or with like inten-
tion. Ch. 27, 44 Stat. 70–71. The significant circum-
stance is that subdivision (e), which relates to interests
held as joint tenants by the decedent and any other per-
son, or as tenants by the entirety by the decedent and
spouse, is not included in the enumeration. The result is
that the interest held by a joint tenant or tenants by the
entirety is expressly included in determining the value of
the gross estate for purposes of the estate tax, but not so
included as a basis for determining gain or loss under
§ 204 (a). The express inclusion of the subdivision in the
former case and its omission in the latter persuasively
suggests that Congress did not intend to include estates
by the entirety under the phrase " by bequest, devise, or
inheritance." If Congress did so intend, it is hard to
understand why subdivision (e) of § 302 was not ex-
pressly adopted as were (c) and (f). Compare *Bend* v.
*Hoyt,* 13 Pet. 263, 272–273.

It is said that the decision of this court in *Tyler* v.
*United States,* 281 U.S. 497, requires a different conclu-
sion. But that case does not decide that property held
by tenants by the entirety is inherited by the survivor
or passes from the dead to the living by right of succes-
sion. The decision rests alone upon the fact that Con-
gress had provided in express words—§ 202 (c), Revenue
Act of 1916, c. 463, 39 Stat. 756, 777–778—that the value
of such property, to the extent designated in subdivision
(c), should be included for the purpose of determining
the value of the gross estate. And the tax was upheld
not upon the theory that there was a " transfer " of the
property by the death of decedent, or a receipt of it by
right of succession, but upon the ground that death had
resulted in such an accession of rights in respect of the
control of the property as to make appropriate the impo-
sition of a tax upon that result. In other words, the
death of the husband had the effect of freeing the estate

from his equal right of participation in its possession, use and disposition, which, while he lived, stood in the way of the wife's exclusive enjoyment of those rights which ordinarily flow from ownership; and this expansion of her power of control, and consequent enlargement of its value, furnished a sufficient occasion for the imposition of an excise tax, which Congress might denominate a death tax, or a transfer tax, or anything else it saw fit, although, in the absence of an expression of the legislative will, it properly could not thus be characterized. *Tyler* v. *United States, supra,* at pp. 502–503.

If the legislation here under review results in imposing an unfair burden upon the taxpayer, the remedy is with Congress and not with the courts. Unless there is a violation of the Constitution, Congress may select the subjects of taxation and tax them differently as it sees fit; and if it does so in plain words, as it has done here, the courts are not at liberty to modify the act by construction in order to avoid special hardship. *Crooks* v. *Harrelson,* 282 U.S. 55, 61.

*Judgment affirmed.*