ESTATE OF A. MURAT WILLIS, DECEASED, RICHMOND TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59154. Promulgated May 23, 1933.

*Eugene G. Smith, Esq.,* for the respondent.

OPINION.

STERNHAGEN : The respondent determined a deficiency (the amount of which does not appear) in the decedent's estate tax, by including in the gross estate the full value in excess of $40,000 of insurance policies upon which the insurance companies were to pay interest to the widow during her life and then to a child during her life, the remainder to another. The facts are all stipulated, and it is furthermore agreed in the stipulation that if under the policies and the statute the face amount of the policies is to be commuted, the amount properly thus commuted and to be included in the gross estate is $98,878.89, while if no commutation is proper the Commissioner has correctly included the amount of $120,525.24.

In all the policies, the decedent at the time of his death had the right to change the beneficiary and to determine under certain options set forth in the policy how the proceeds were upon his death to be disposed of. At the time of his death the option in force by virtue of instructions already given was that the insurance company was to retain the face amount of the policy, pay interest thereon at a prescribed minimum rate to the designated beneficiary for life and to his named successor for life, and then to pay the remainder to another. There is nothing of annuity in this. Cf. *Burnet* v. *Whitehouse*, 283 U.S. 148. It is a simple insurance fund upon which interest was paid, both the fund and the interest being subject to the disposition of the decedent until the moment of his death. Since the estate tax is measured not by what the beneficiary receives but by the economic changes which are brought about by the decedent's death and treated by the statute as a transfer, *Fannie E. Lang* v. *Commissioner*, 289 U.S. 109, there is, in our opinion, no occasion for commutation of value, even if, as we seriously doubt, the evidence indicated that actual value was less than the face amount used by the respondent. *Chase National Bank* v. *United States*, 278 U.S. 237; *Reinecke* v. *Northern Trust Co.*, 278 U.S. 339; *Sally S. Levy et al., Executors*, 25 B.T.A. 1174.

*Judgment will be entered under Rule 50.*