WILLIAM H. HART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82652. Promulgated December 28, 1937.

*Thomas Hart, Esq.*, for the petitioner.
*Lewis S. Pendleton, Esq.*, for the respondent.

#### OPINION.

ARUNDELL: In this proceeding the respondent determined a deficiency in gift tax for the year 1933 in the amount of $2,282.78, of which the petitioner concedes $57.56 and contests $2,225.22. The amount in controversy arises from the respondent's action in treating as a taxable gift the conveyance of property by the petitioner to himself and his wife as tenants by the entirety. We incorporate in this report by reference the stipulated facts as our findings of fact and set forth here only a summary of them.

On September 20, 1933, the petitioner, who was the owner in fee, unencumbered, of a residence in Montgomery County, Pennsylvania, directly transferred the premises by deed, in which his wife joined, to himself and his wife as tenants by the entirety. The petitioner

filed a gift tax return for 1933 with the collector at Philadelphia on March 14, 1934. In that return he reported the above transfer but did not list it as a taxable gift. At the time of the transfer the petitioner was approximately 65 years of age and his wife was 56 years of age.

The total value of the property was $77,500. The respondent determined that the transfer constituted a taxable gift with a value of $45,824.20 for gift tax purposes computed as follows:

Present interest. The present worth of the right to use of one-half of $77,500.00 as long as a person of your age, 65 years, and a person of your wife's age, 56 years, shall both live is_____ $9, 786. 70

Future interest. The present worth of the right to receive $77,500.00 at the end of the year of death of a person of your age, 65 years, provided a person of your wife's age, 56 years, shall survive is_____ 36, 037. 50

Total_____ 45, 824. 20

In addition to the facts stipulated the parties have agreed that, if as a matter of law there was a gift from petitioner to his wife, then the value of the gift is $45,824.20.

There is no issue as to the transfer effecting the creation of an estate by the entirety recognized as such under the law of Pennsylvania. It has been decided that one spouse, with the other joining, and without the intervention of a trustee, may create an entirety estate by conveyance to the two as tenants by the entirety. *In re Vandergrift's Estate*, 105 Pa. Super. 293; 161 Atl. 898.

The Gift Tax Act of June 6, 1932, provides in section 501 (a) for the imposition for each calendar year of a tax "upon the transfer * * * of property by gift." Section 501 (b) provides as follows:

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *

The respondent's position in asserting a gift tax on the change of title to the property is that such change created property rights in the wife and such rights were acquired from the petitioner by gift, and, further, that the provisions of the statute are broad enough to comprehend the transfer of property rights of this character.

The incidents of tenancies by the entirety have been often enough described to obviate any need for repetition other than to quote from *Lang* v. *Commissioner*, 289 U. S. 109:

An estate by the entirety is held by the husband and wife in a single ownership, by a single title. They do not take by moieties, but both and each take the whole estate, that is to say, the entirety. The tenancy results from the common-law principle of marital unity; and is said to be *sui generis*. Upon the death of one of the tenants "the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation by the other. * * *" 1 Washburn, Real Property, 6th ed., § 912.

In the present case, therefore, when the husband died, the wife, in respect of this estate, did not succeed to anything. She simply continued, in virtue of the nature of the tenancy, to possess and own what she already had. * * *

In Regulations 79, relating to the gift tax, it is provided that if either a husband or wife purchase property and cause title to be conveyed to themselves as tenants by the entirety, or if either cause to be created such a tenancy in property already owned, and neither one alone may defeat the right of the survivor to the whole of the property, then "the transfer effects a gift from the spouse owning the property at the time of the creation of the tenancy or who furnished the consideration in the purchase of the property." Art. 19, subdivision 8. Similar provisions appear in article 2, subdivision 7, limited to purchases by a husband with title conveyed to himself and wife as tenants by the entirety.

The statute here involved does not specifically treat the creation of a tenancy by the entirety as a taxable transfer. Neither did the earlier gift tax statute, the Act of 1924, do so. The language of the earlier statute was much like the one of 1932, imposing a tax "upon the transfer * * * by gift * * * of any property * * * whether made directly or indirectly * * *." Regulations 67, relating to the gift tax under the 1924 Act, contained no provisions similar to those above referred to in Regulations 79. At the time that both regulations were promulgated, the statutes then in force imposing estate taxes contained specific provisions including entirety property in the estate of the decedent. In the Congressional committee reports accompanying the Revenue Bill of 1932 examples are given of transactions that would constitute transfers by gift within the meaning of the pending legislation. The creation of tenancies by the entirety is not included in the list of examples. The only example given that has any characteristics at all approaching those of an entirety estate is that of the creation of a joint bank account by "A" for himself and "B." And in that situation both the Senate and House committees say "there would be a gift to B *when he draws upon the account for his own benefit* to the extent of the amount drawn out." (Italics ours.) (Senate Report 665, 72d Cong. 1st sess., p. 40; House Report 708, p. 28.) It may well be that in both joint tenancies and tenancies by the entirety, which have some of the same legal incidents, the creation works a sufficient change in economic benefits that Congress under its broad taxing power could embrace the creation within the term transfer as it has done under the estate tax law with respect to the enlargement of the survivor's rights when the tenancy is terminated. See *Tyler* v. *United States*, 281 U. S. 497. So far Congress has not done so in plain words, and

our consideration of the statutes and explanatory committee reports leads us to believe it did not intend to do so.

There are other reasons which lead to the belief that the statute before us does not include the creation of a tenancy by the entirety. While no doubt the creation thereof by one spouse does enlarge to some extent the property rights of the other, sight must not be lost of the substantial rights retained by the creator. In this case the husband, as well as the wife, took "the whole of the estate, that is to say, the entirety." *Lang* v. *Commissioner, supra.* The wife took nothing that was presently disposable for her separate use and benefit. As long as the tenancy endured she had no right of severance under Pennsylvania law and she could not deprive the petitioner of his title to "the whole estate." A restriction of this magnitude does not accord with either the common understanding or the legal incidents of a gift. This, as we read the opinion in *Burnet* v. *Guggenheim,* 288 U. S. 280, is the reasoning in that case. There the taxpayer created trusts without consideration in money or money's worth in 1917, the income from which was currently payable to named beneficiaries, but broad powers over the corpus were reserved to the grantor. The reserved powers were eliminated from the trust deeds in 1925. The Commissioner levied a gift tax for 1925 which was sustained by the Supreme Court. The argument of the Commissioner there was that what was done in 1917 was preliminary and tentative, and that not until 1925 was there a transfer in the sense that must have been present in the mind of Congress when laying a tax on gifts in the Revenue Act of 1924. The Supreme Court, in sustaining the tax, said that as long as the grantor's reserved powers were outstanding "the gifts were formal and unreal. They acquired substance and reality for the first time in July, 1925, when the deeds became absolute through the cancellation of the power." In the case before us the petitioner did not even initially divest himself of the property; by his deed he retained to himself the whole estate.

Further, the Court in the *Guggenheim* case expressed the view that the concept of "transfer" evolved under the estate tax statutes was intended to be carried over and incorporated in the gift tax statutes. "Congress was aware that what was of the essence a transfer had come to be identified more nearly with a change of economic benefits than with technicalities of title." Under this view, as a practical matter, the creation of the tenancy was but little more than a technical change of title. Not until the dissolution of the tenancy would the wife have actual command over the property sought to be used as a measure of the tax. Until that time her rights were mostly negative in that she could prevent the disposition or

encumbrance of the property. Those rights she previously had to some extent under her right of dower. It is our opinion that, in view of the substantial rights retained by the husband, the creation of the entirety estate can not be said to have conferred upon the wife property rights great enough to constitute the transaction a gift.

As far as we have been informed only one case has been decided directly involving the issue here. In *Lilly* v. *Smith* (Dist. Ct., Ind., Feb. 8, 1937), not reported, the plaintiff purchased lands with his own funds in 1932 and 1933 and had the deeds issued to himself and wife as tenants by the entirety. The court, without opinion, allowed recovery of the gift tax exacted by the collector on those transactions.

We hold for the petitioner on the issue raised.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

TURNER, dissenting: I am unable to agree with the conclusion of the majority to the effect that the transfer by the petitioner to himself and wife as tenants by the entirety did not constitute a gift to his wife within the meaning of section 501 (b) of the Revenue Act of 1932. That section provides that "the tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible." It is my opinion that the above language is broad enough to cover the gift of any property unless specifically excepted, and there is no claim that a transfer such as we have here is excepted by any provision of the statute.

The Supreme Court, in *Lang* v. *Commissioner*, 289 U. S. 109, describes an estate by the entirety as an estate "held by the husband and wife in a single ownership, by a single title. They do not take by moieties, but both and each take the whole estate, that is to say, the entirety. The tenancy results from the common law principle of marital unity; and is said to be *sui generis*." That quotation alone provides ample ground for the holding that a gift was made in the instant case by the petitioner to his wife, leaving only a question of value, and value has been stipulated.

Relying upon the theory to the effect that under an estate by the entirety the husband and wife both and each take the whole estate, it is claimed that since the petitioner after the transfer still had the whole estate it can not be said that he parted with property or a right in property or that his wife received property or property rights by reason of the grant. To say that the petitioner parted with nothing

and that his wife acquired nothing by reason of the transfer is to shut our eyes to the actualities of the situation and to disregard the effect of the events that occurred. Prior to the conveyance by the petitioner to his wife and himself as tenants by the entirety, he owned the property in fee. It was his without limitations or restrictions and up to the time of the gift his wife had no interest in the property whatever, except such rights as she may possibly have had under the laws of Pennsylvania with reference to dower. She had absolutely no interest in the fee. After the grant the petitioner was no longer an unrestricted owner of the property in fee. He was no longer entitled to the unrestricted use of the property and could no longer dispose of the property by will, nor could he make a transfer thereof during his lifetime except with the consent and by the joining of his wife unless or until he should survive her. As to his wife, prior to the grant she had nothing except possibly a dower interest previously mentioned. After the grant she was the owner of the entire property, subject only to the restriction that she could not dispose of the property without the consent and the joining of her husband and the further restriction that the property would again become his in full ownership if he survived. Her rights were in all respects equal to the rights of the petitioner, and, if we say that she acquired nothing more than an expectancy that might ripen into property in the event she survived the petitioner, we must also say that the petitioner after the grant had nothing more than an expectancy or possibility of survivorship. Since her rights in and to the property were received from the petitioner by reason of the transfer here under consideration and those rights are in all respects equal to the rights retained by him, we can not, in my opinion, avoid a holding that the petitioner made a present gift to her of the property, or at least an interest therein, within the meaning of the statute. A determination of value of such a property right might present serious difficulties, but with those difficulties we are not concerned, inasmuch as the parties have stipulated the value.

The untenability of the position taken in the majority opinion is at once apparent if we consider a case where the grant by the entirety is made to a husband and wife, not by the husband, but by a third party. In such case there could be no question that the grantor definitely and absolutely parted with his entire interest in the property. Could we, under such circumstances, single out the husband and say that it was he who received the property, and, as the majority opinion reasons, further say that the wife has received nothing except a right to come into full ownership and possession of the property provided she survives her husband? Obviously not; yet, in my opinion, we would have to answer that question in the affirmative in order

to justify the reasoning of the majority that in the instant case the wife did not acquire any property or right in property by reason of and at the time of the grant and that as to her the creation of the tenancy "was but little more than a technical change in title." I am unable to classify the rights with which the petitioner parted, namely, the right to exclusive use of the property, the right to dispose of the property by will, the right at any time to dispose of the property in fee, subject only to such dower interest as his wife might have had, as "little more than a technical change in title." It seems to me to be perfectly clear that so long as tenancies by the entirety are recognized we must follow the theory of such tenancies to its logical conclusion. Under that theory the petitioner conveyed and as an individual parted with his entire interest in the property, the recipient being the marital unit, and the only reason for not holding that a gift was made by him to the extent of the full value of the property so conveyed is that he, the grantor, is also an essential part of the grantee, equal in all respects but in no way superior to that other part, his wife. The mere fact that her rights in respect of the property may be enlarged by surviving her husband can in no way postpone or lessen the rights which became hers by reason of and at the time of the original grant.

Support is sought for the conclusion of the majority in *Burnet* v. *Guggenheim*, 288 U. S. 280, and in an attempted comparison of a grant such as we have here to the establishment of a joint bank account by one individual for himself and another. There is one essential and fundamental difference between those cases and the instant case which conclusively indicates a present gift in the latter. The decision of the Supreme Court in the *Guggenheim* case to the effect that there was no present gift at the time of the original grant rested entirely upon the fact that the grantor reserved the power to revoke at his pleasure and under that power he could at will reacquire the property granted and, by so doing, eliminate all rights of the grantees regardless of the wishes and desires of such grantees. Never at any time until the surrender of that power to revoke, in 1925, did the grantor relinquish his absolute power to control or dispose of the property covered by the grant.

In the case of the joint bank account, it is said that the grantee must reduce the proceeds to possession by withdrawal before it can be said there is a completed gift and that correspondingly here the wife must survive her husband, the petitioner, before it can be said there was a completed gift in respect of the property held by the entirety. The difference is plain. In the case of the joint bank account, either party may completely terminate the rights of the other by withdrawal of the full amount on deposit and under such circumstances the in-

dividual who establishes such a joint bank account does not lose his power to retake as his own the full amount deposited, or any part thereof, until the second party has actually made a withdrawal. The grantor does not therefore part with his individual power to recall the deposit until such a withdrawal is made.

The case before us is in no way comparable but entirely to the contrary. Here the petitioner, by making the transfer and at the time of the transfer, placed beyond recall all rights which he theretofore had to the exclusive use of the property, the right to dispose of the property by will and the right during his lifetime to dispose of the property without the joining of his wife unless and until he should survive her, an event over which he had no control. Furthermore, substantial rights in the property vested in his wife without restriction or power in any one to take them from her without her consent and there was none the less a present acquisition by her of an interest in and a right to the property merely because the rights which she so acquired may, under her tenancy in the property, ripen or expand into greater rights by the fortuitous circumstance of her suvivorship.

In my opinion the petitioner made a present gift to his wife within the meaning of the statute, and for the reasons stated, I respectfully express my dissent.

LEECH agrees with this dissent.