**UNITED STATES v. 246 ACRES OF LAND, MORE OR LESS, ETC., et al.**

Civ. A. No. 1837.

District Court, W. D. Pennsylvania.

June 11, 1948.

Stuart A. Culbertson, of Meadville, Pa., for Jennie Mattocks.

Humes & Kiebort, of Meadville, Pa., for Andrew Shiner, Blanche Mason and Esther Albaugh.

FOLLMER, District Judge.

The United States, through condemnation proceedings in connection with the construction of the Keystone Ordinance Works, took and occupied certain pieces or parcels of land situate in Greenwood Township, Crawford County, Pennsylvania. Included in the land so taken was a tract known as No. 183 which was comprised of two parcels, the one parcel containing approximately 150 acres and it is this part of Tract No. 183 with which we

are concerned. Viewers appointed by the Court fixed the value of this 150 acre parcel at $8,000.00 and found that title thereto was vested in the heirs of one James Shiner as follows: Jennie Mattocks, one third; Andrew Shiner, one third; Blanche Mason, one sixth; and Esther Albaugh, one sixth, and apportioned the amount of the damages among them accordingly.

The matter is before me on exceptions to the Report of the Viewers in fixing the ownership of the portion of the tract as above indicated, to which I will hereinafter refer to as "the tract."

On November 10, 1879, George Beringer and Margaret, his wife, conveyed the tract in question to Elizabeth J. Shiner and James Shiner, her husband. The granting clause of the deed reads "unto the said parties of the second part, and to the heirs of the said Elizabeth J. Shiner." Substantially that same phraseology is used twice in the habendum clause and twice in the warranty clause.

Elizabeth J. Shiner died, testate, on or about August 17, 1891, but intestate so far as the land herein involved is concerned. She was survived by her husband, James Shiner, and a daughter, Margaret J. Mattocks, otherwise known as Jennie Mattocks.

James Shiner later married Ella Latin. On or about September 19, 1898, the said James Shiner died, intestate, leaving to survive him his widow, Ella, two sons, Andrew Shiner and James H. Shiner, children of his second wife, and Jennie Mattocks aforesaid, a child of his first wife. James H. Shiner died intestate, about the year 1920, leaving to survive him as his sole heirs at law his widow, now Blanche Mason, and a daughter, now Esther Albaugh.

■ Fundamentally, the nature of the interest in land created by a conveyance is determined by the law of the state where the land is located. Restatement—Conflict of Laws, Chapter 7, Sec. 221.

■ The deed, the phraseology of which poses the question here, was dated November 10, 1879, and must be construed in accordance with the law of Pennsylvania as it existed at that time. The fact that the exact wording was used five times in the deed indicates that it was not a mere omission on the part of the scrivener but rather a definite premeditated intent on the part of the contracting parties. At the time this conveyance was made it appears to have been the settled law in Pennsylvania that no fee simple title could be created without the word "heirs" or other words of inheritance. Phillips et al. v. Swank, 120 Pa. 76, 83, 13 A. 712, 6 Am. St.Rep. 691; Brown v. Mattocks, 103 Pa. 16, 21. The court in Klingler v. Wick, 266 Pa. 1, 4, 109 A. 542, 543, stated: "The general rule of law previous to the passage of the Act of April 1, 1909, P.L. 91,[1] which need not be considered here, was that a conveyance without the word 'heirs' passed a life estate only."

Appellee contends that the conveyance being to Elizabeth J. Shiner and James Shiner, her husband, without more, an estate by entireties was created; that as Elizabeth predeceased her husband, he became the sole owner thereof and at the time of his death, intestate, title to the land in question vested in his heirs at law. They contend that such is the case regardless of the repetitious use of the phraseology "and to the heirs of the said Elizabeth J. Shiner," on the theory that a conveyance or grant to husband and wife creates an estate by entireties unless a contrary intention clearly appears in the conveyance. They find no such contrary intention. With this conclusion I disagree.

■ An estate by entireties has been defined as an estate held by husband and wife by virtue of title acquired by them

---

[1] The Act of April 1, 1909, P.L. 91, Sec. 1, as amended, 21 Purdon's Statutes, § 2, provides: "From and after the approval of this act, in any deed or instrument in writing for conveying or releasing land hereafter executed, unless expressly limited to a lesser estate, the words 'grant and convey,' or either one of said words, shall be effective to pass to the grantee or grantees named therein a fee simple title to the premises conveyed, if the grantor or grantors possessed such a title, although there be no words of inheritance or of perpetuity in the deed."

jointly after marriage.[2] The estate is held by the husband and wife in single ownership, by a single title. They do not take by moieties, but both and each take the whole estate, that is to say, the entirety. The tenancy results from the common law principle of marital unity; and is said to be sui generis. Upon the death of one of the tenants "the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation by the other; * * *."[3] Furthermore, "A tenancy by entireties arises upon the vesting of any kind of estate in husband and wife, whether it be in fee, in tail, for life, or for years; * * *. There can be no severance of such an estate by the act of either and the survivor becomes seised as sole owner of the entirety of the estate."[4]

Had the conveyance here been simply to Elizabeth J. Shiner and James Shiner, her husband, without words of inheritance, unquestionably there would have been created a tenancy by entireties for the life of the said wife and husband. The death of either spouse would have had the effect of freeing the estate from his or her equal right of participation, which, while he or she lived, stood in the way of the other spouse's exclusive enjoyment of those rights which ordinarily flow from ownership.[5] However, here we have superimposed upon what would normally be a tenancy by entireties for the life of husband and wife the words "and to the heirs of said Elizabeth J. Shiner."

[9] The question for determination here is,—What sort of an estate did the parties to this conveyance intend to create by the use of the words referred to? Certainly something more was intended than a mere tenancy by entireties for life.

"A limitation to 'A and his heirs' has been traditionally recognized as the commonly accepted formula for the creation in A of an estate in fee simple * * *. In such a limitation, therefore, the words 'and his heirs,' which, under other circumstances, may be sufficient to designate a conveyee, are words of limitation designating the extent of the interest of A."[6]

The intent and purpose of the grantor herein is clear. The phraseology might be very properly paraphrased to read as follows: "To Elizabeth J. Shiner and James Shiner, her husband, as tenants by the entireties for the life of James Shiner, with remainder in fee in the said Elizabeth J. Shiner."

That in my opinion is precisely what was done in this deed. Elizabeth J. Shiner on the execution and delivery of the deed in question took an estate in fee subject to the life estate of her husband, James Shiner. During the life estate of the husband, the estate was held by husband and wife as tenants by the entireties, with all of the prerogatives incident thereto. On the death of the wife, title to the property to the extent of a life estate continued in the husband as the survivor for the period of his life, and on his death the vested remainder in fee of Elizabeth J. Shiner, which upon her death had become the vested remainder in fee of her heirs, subject, however, to the life estate of the said James Shiner, became operative.

I must hold, therefore, that Jennie Mattocks took the land in question in fee simple as the sole heir of Elizabeth J. Shiner on the death of her father, James Shiner, and that the sum awarded by the viewers for this 150 acre parcel of tract No. 183, to wit, the sum of $8,000.00, must be paid to the said Jennie Mattocks as the sole distributee.

An appropriate order for judgment in accordance herewith will be entered upon due application being made therefor.

[2] Thompson on Real Property, Vol. 4, Sec. 1803.

[3] Lang v. Commissioner, 289 U.S. 109, 53 S.Ct. 534, 535, 77 L.Ed. 1066.

[4] Thompson on Real Property, Vol. 4, Sec. 1803.

[5] Lang v. Commissioner, supra, 289 U. S. at pages 112, 113, 53 S.Ct. 534, 77 L. Ed. 1066.

[6] Restatement, "Property—Future Interests," Vol. III, Chapter 23, Topic 2, Page 1739.