MARVIN TRAGASH CO.,
INC., Petitioner,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, Earl Butz, Secretary
of Agriculture, Respondent.

No. 75–1481.

United States Court of Appeals,
Fifth Circuit.

Dec. 24, 1975.

Michael A. Shapiro, Robert Dixon, Miami, Fla., for petitioner.

Earl L. Butz, Sec. of Agriculture, U. S. Dept. of Agriculture, Judith S. Feigin, William Kanter, Appellate Sec., Civil Div., Dept. of Justice, Washington, D. C., for respondent.

**1256**

Before BROWN, Chief Judge, RIVES and BELL, Circuit Judges.

BELL, Circuit Judge.

Petitioner Marvin Tragash Co., Inc., seeks review of a final decision and order by the Secretary of Agriculture which found that petitioner's failure to make full and prompt payment for 35 lots of fruits and vegetables constituted willful, flagrant, and repeated violation of Section 2 of the Perishable Agricultural Commodity Act, 7 U.S.C.A. § 499b. We deny the petition for review and affirm the order below.

Marvin Tragash Co., Inc., was a Florida corporation licensed under Section 3 of the Act, 7 U.S.C.A. § 499c. Between June 1971 and March 1972, the corporation purchased, received, and failed to pay for 35 lots of fruits and vegetables from ten sellers. On April 11, 1972, the corporation filed a petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 *et seq.* The corporation successfully solicited outside investors to finance a plan of arrangement, and on June 15, 1972, an order confirming the plan was approved. Pursuant to 7 U.S.C.A. § 499d, the corporation's license automatically terminated on that date. The plan of arrangement provided that the corporation would pay 15 per cent of the money owed to all its unsecured creditors—in two equal installments of 7.5 per cent each. The creditors, including the ten commodity sellers, agreed to and approved the plan and the bankruptcy court enjoined the corporation from paying any of its obligations except through the plan of payment.

On November 15, 1972, the Secretary of Agriculture filed a complaint and fol-

lowing a hearing the hearing officer found that the corporation's failure to make full payment promptly constituted willful, flagrant, and repeated violations of Section 2 of the Act, 7 U.S.C.A. § 499b.[1] The Judicial Officer subsequently adopted the administrative law judge's decision and Tragash appealed to this court.

Petitioner presents five allegations of error, only one of which merits any extended discussion. The primary contention is that the Perishable Agricultural Commodities Act, insofar as it imposes penalties on petitioner for flagrantly and repeatedly failing to pay its debts, conflicts with the purpose of the Bankruptcy Act under which petitioner entered the plan of arrangement. This issue has been addressed by the Second Circuit Court of Appeals in *Zwick v. Freeman,* 2 Cir., 1967, 373 F.2d 110, *cert. denied,* 389 U.S. 835, 88 S.Ct. 43, 19 L.Ed.2d 96. The Second Circuit found no unconscionable or excessive conflict between the Commodities Act and the Bankruptcy Act. As we agree with the Second Circuit's reasoning and conclusion, we quote extensively from its opinion:

The Bankruptcy Act is intended to relieve an honest debtor of liability for his past obligations and to allow him to start afresh. *Williams v. United States Fid. & Guar. Co.,* 236 U.S. 549, 554–555, 35 S.Ct. 289, 59 L.Ed. 713 (1915). The Perishable Agricultural Commodities Act is designed to protect the producers of perishable agricultural products who in many instances must send their products to a buyer or commission merchant who is thousands of miles away. It was enacted to provide a measure of control over a branch of industry which is almost exclusively in interstate commerce, is highly competitive, and presents many opportunities for sharp practice and ir-

[1]. We note that the statute does not require a finding that a violation is "willful," but merely requires that the violation be found either "flagrant" or "repeated" before the serious penalties of license revocation or prohibition of industry employment may be imposed. 7 U.S.C.A. § 499h(a), (b)(2).

responsible business conduct. H.Rept. No. 1196, 84th Cong. 1st Sess. 2 (1955).

The measures which petitioners object to in the Commodities Act would seem, to some extent, to conflict with the policy of the Bankruptcy Act. They prevent petitioners from shortly making a fresh debt-free start in the industry in which they had been earning their livelihood, although they are entirely free, as far as the challenged statute is concerned, to enter any other occupation or business which appeals to them. Nevertheless, in the light of the purposes of the Commodities Act and the clearly recognized need to have financially responsible persons as licensees or employees of licensees under that Act, the extent of encroachment of the Commodities Act upon the goals of the Bankruptcy Act cannot be regarded as unconscionable or excessive. We find no cases involving alleged conflicts between the Bankruptcy Act and other federal legislation, but there are a number of reported cases that hold that reasonable measures provided for in state statutes which impose penalties on bankrupts are not invalid under the Supremacy Clause, United States Constitution, Art. VI, cl. 2, despite some degree of conflict with the Bankruptcy Act.

\*   \*   \*   \*   \*   \*

It would seem that the principle of these cases involving the application of the Supremacy Clause to a supposed conflict between state and federal statutes would apply *a fortiori* to a supposed conflict between two federal statutes of equal dignity. We cannot lightly infer that Congress intended to exempt bankrupts from being subject to these provisions of the Commodities Act when such an exemption would be extremely damaging to the goal of the Commodities Act that only financially responsible persons should be engaged in the businesses subject to the Act. Our judgment is supported by the fact that other provisions of the Perishable Agricultural Commodities Act contain specific references to bankruptcy, see 7 U.S.C. §§ 499d(a), 499d(b)(D), 499d(e). It is unlikely that Congress would include references to bankruptcy in some portions of the Commodities Act and omit them from the portions relevant to this case if Congress had intended that the provisions challenged here would be affected by the bankruptcy of persons subject to them. See *T. I. M. E., Inc. v. United States*, 359 U.S. 464, 79 S.Ct. 904, 3 L.Ed.2d 952 (1959); *Lang v. Commissioner of Internal Revenue*, 289 U.S. 109, 53 S.Ct. 534, 77 L.Ed. 1066 (1933). 373 F.2d at 116–17.

Petitioner argues that the *Zwick* holding has been undermined by the Supreme Court's decision in *Perez v. Campbell*, 1971, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233, which overruled the prior cases cited by *Zwick* as permitting state statutes to conflict with the Bankruptcy Act, and held that such statutes were unconstitutional under the Supremacy Clause, Art. VI, cl. 2, of the United States Constitution.

The Supremacy Clause does not come into play in this case where there is a conflict between two federal statutes of equal standing. Therefore, the ruling in *Perez* has no bearing on the validity of the Perishable Agricultural Commodities Act. In any event, the Second Circuit decision in *Zwick* did not rest entirely on the cases overruled by *Perez*, but also was based on the court's view that Congress did not intend to exempt bankrupts from the provisions of the Commodities Act, a view supported by the absence of any reference to the Bankruptcy Act in the provisions in question, although other provisions of the Commodities Act do include references to bankruptcy. We agree with the Second Circuit that such an exemption for bankrupts would be damaging to the congressional goal that only financially responsible persons should be engaged in the perishable agricultural commodities industry. Although this goal does conflict

to some extent with the goal of the Bankruptcy Act, the conflict is not unconscionable, excessive, or irreconcilable.

■ The remaining allegations of error are without merit. First, petitioner contends that the written agreement of the creditors to accept 15 per cent of the purchase price under the Chapter XI plan of arrangement satisfied the payment requirement of the Act. This partial payment under the plan entered into some months after the purchases can not be characterized as either full or prompt payment as required by the Act, 7 U.S.C.A. § 499b(4).

■ Petitioner further contends that because the complaint filed by the Department of Agriculture charged only failure to pay and did not charge failure to account, it did not state or prove a violation under the Act. Section 2 of the Act, 7 U.S.C.A. § 499b(4), provides that it is unlawful for a licensee "to fail and refuse truly and correctly to account and make full payment promptly . . . ." Petitioner views the use of the word "and" rather than "or" as significant. We do not. Petitioner's interpretation would permit a licensee to circumvent the requirements of the Act merely by furnishing a statement of moneys due without ever paying the money. Such an interpretation would negate the clear congressional intent to require full and prompt payment.

■ There was no error in the admission, as claimed, of hearsay testimony at the administrative hearing. See *Richardson v. Perales*, 1971, 402 U.S. 389, 400–01, 91 S.Ct. 1420, 28 L.Ed.2d 842, 852.

■ It is also alleged that the Department of Agriculture failed to establish that petitioner was a "commission merchant, dealer, or broker" within the purview of Section 2 of the Act. This contention is frivolous. It was stipulated that petitioner was a licensee under Section 3 of the Act. Licenses are only issued to commodity merchants, dealers, or brokers. 7 U.S.C.A. § 499c, d.

■ Finally, we find no merit in the argument that the administrative complaint is jurisdictionally defective because it was signed by the Acting Director rather than the Director of the Fruit and Vegetable Division.

In conclusion, we find all of petitioner's allegations of error to be without merit and therefore affirm the order of the Secretary of Agriculture finding Marvin Tragash, Inc. to have committed flagrant and repeated violations of the Act.

One final issue should be addressed, however. Section 8 of the Act, 7 U.S.C.A. § 499h, provides that the penalty for flagrant or repeated violations of the Act may be (1) revocation of the license of the licensee and (2) prohibition of employment in the industry for one year of "any person who is or has been responsibly connected with any person whose license has been revoked . . . ." The license of the corporation terminated automatically upon the confirmation of the Chapter XI plan. Therefore the only penalty remaining open to the Secretary is the prohibition of employment of persons "responsibly connected with" Marvin Tragash, Inc. We wish to emphasize that our affirmance of the order finding the corporate licensee in flagrant and repeated violation of the Act should in no way prejudice the due process rights of any individual against whom the Secretary may seek to impose the statutory penalty of prohibition of employment in the industry. Any such individual will be entitled to a hearing on the question of whether or not he or she is in fact an individual "responsibly connected with" Marvin Tragash, Inc., *Quinn v. Butz,* 1975, 166 U.S.App.D.C. 363, 510 F.2d 743,[2] and of course at that hearing such individual may also raise

---

**2.** The post-argument citation of *Quinn v. Butz, supra,* by the Secretary is consistent with the dismissal by the hearing officer of the attempts of various individual officers of the corporation to answer and participate in the proceeding against the corporation.

any other factual, legal, or constitutional arguments pertinent to the proposed penalty, when and if such penalty is sought by the Secretary.

Petition denied and Order affirmed.