THE KRUEGER CO., INC., AND MERRI MAC CORP. (FORMERLY KNOWN AS M.K.B. CORP.) AS SUCCESSOR (BY STATUTORY MERGER) TO KRUEGER BROS., INC., PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 15891–80.    Filed July 14, 1982.

*John J. O'Toole* and *Bruce E. Goldman,* for the petitioners.
*William F. Halley,* for the respondent.

### OPINION

GOFFE, *Judge*: The Commissioner determined deficiencies in the Federal income tax of Krueger Bros., Inc.,[1] for the following years and in the following amounts:

| Taxable year | Deficiency |
|---|---|
| 1974 | $5,756 |
| 1975 | 4,131 |

The adjustments giving rise to these deficiencies have been conceded by petitioners.

---

[1] The petitioner, Merri Mac Corp., is before the Court due to its liability as successor by statutory merger to Krueger Bros., Inc., for that corporation's deficiencies.

The Commissioner determined deficiencies in the Federal income tax and personal holding company tax of the petitioner, Krueger Co., Inc., for the following years and in the following amounts:

| TYE June 30— | Deficiency |
|---|---|
| 1975 | $34,678 |
| 1976 | 23,932 |
| 1977 | 22,658 |

After concessions by the parties, the only question remaining for decision is whether interest income allocated to the petitioner, Krueger Co., Inc., under the provisions of section 482[2] constitutes personal holding company income, as defined in section 543. Since this question concerns only the petitioner, Krueger Co., Inc., all references to "petitioner" will hereinafter refer to it alone.

This case was submitted fully stipulated pursuant to Rule 122(a). We find as facts the facts and exhibits stipulated, which we incorporate herein by this reference.

Petitioner is a corporation formed under the laws of New Jersey. At some time prior to July 1, 1974, petitioner made interest-free loans to the petitioner, Merri Mac Corp., and to Krueger Bros., Inc., which was a wholly owned subsidiary of Merri Mac Corp. at the time the loans were made, but which merged with Merri Mac Corp. on January 2, 1976. Petitioner and Merri Mac Corp. were both owned by the same two individuals, Emanuel and Mary Krueger, at all times relevant to this case.

The outstanding balance at June 30, 1974, of the loan to Merri Mac Corp. was $98,135.99. It remained at that amount until December 31, 1977, when the loan was repaid in full.

The outstanding balance at June 30, 1974, of the loan to Krueger Bros., Inc., was $290,177.32. On March 31, 1976, a payment of $26,000 reduced that balance to $264,177.32. It remained at that amount until December 31, 1977, when the loan was repaid in full.

In the notice of deficiency issued to petitioner, the Commissioner allocated interest income to petitioner under section 482 for each of its taxable years in question to reflect an

[2]Statutory references are to the Internal Revenue Code of 1954 as amended, and references to Rules are to the Tax Court Rules of Practice and Procedure.

interest rate of 5 percent on the loans described above. Petitioner concedes that this allocation is correct.

The notice of deficiency also set forth the Commissioner's determination that the allocation of additional interest income to petitioner for the taxable year ended June 30, 1975, made petitioner a personal holding company for that year,[3] subjecting it to the special tax imposed under section 541. For the taxable years ended June 30, 1976, and June 30, 1977, petitioner concedes that it was a personal holding company irrespective of the additional interest income allocated to it by the Commissioner. That additional income, however, was treated by the Commissioner as increasing the amount of petitioner's "undistributed personal holding company income" for those years and, consequently, the amount of the personal holding company tax for which petitioner was liable.

For the year ended June 30, 1977, petitioner concedes that it is liable for personal holding company tax in the amount determined by the Commissioner.[4] Petitioner also concedes that, if the interest income allocated to it by the Commissioner under section 482 is held to constitute personal holding company income, then it is liable for personal holding company tax in the amounts determined by the Commissioner for the years ended June 30, 1975, and June 30, 1976. It is petitioner's position, however, that the allocated interest does not constitute personal holding company income.

Section 482 grants the Secretary power to "distribute, apportion, or allocate" income between or among organizations controlled by common interests in order to "prevent evasion of taxes or clearly to reflect the income of any of such organizations." The effect of a proper application of section 482 is to place a controlled taxpayer on a parity with an uncontrolled taxpayer by determining, according to the stan-

---

[3] Respondent concedes that, but for the allocation of interest income under sec. 482, petitioner would not have been a personal holding company for the year ended June 30, 1975.

[4] On brief, petitioner asserts that the personal holding company tax for the year ended June 30, 1977, is still at issue. The stipulations, however, are very clear on this point: "Petitioner, The Krueger Co., Inc., concedes the correctness of the respondent's imposition of the personal holding company tax and the amount of such tax as set forth in respondent's notice of deficiency for the F.Y.E. June 30, 1977." Petitioner has not moved to amend the stipulations. Accordingly, we consider petitioner to have conceded the question of its personal holding company tax liability for the year ended June 30, 1977.

dard of an uncontrolled taxpayer, the true taxable income of a controlled taxpayer. *Edwards v. Commissioner*, 67 T.C. 224, 231 (1976); *Huber Homes v. Commissioner*, 55 T.C. 598, 605 (1971); sec. 1.482–1(b)(1), Income Tax Regs. The question specifically involved in the present case of interest-free loans between commonly controlled entities is dealt with in section 1.482–2(a)(1), Income Tax Regs., which provides:

Where one member of a group of controlled entities makes a loan * * * to * * * another member of such group, and charges no interest, * * * the * * * [Commissioner] may make appropriate allocations to reflect an arm's length interest rate for the use of such loan or advance.

The validity of this regulation was upheld in our decision in *Latham Park Manor, Inc. v. Commissioner*, 69 T.C. 199 (1977), affd. in an unpublished opinion 618 F.2d 100 (4th Cir. 1980). Section 1.482–1(d), Income Tax Regs., also provides generally that "the character * * * of amounts allocated * * * shall be determined with reference to the substance of the particular transactions or arrangements which result in the avoidance of taxes or the failure to clearly reflect income."

Section 541 subjects personal holding companies to a tax equal to 70 percent of the "undistributed personal holding company income." A personal holding company is a corporation which satisfies both a stock ownership requirement and an adjusted ordinary gross income requirement. Sec. 542(a). The stipulations establish that petitioner satisfies the stock ownership requirement. The adjusted ordinary gross income requirement is satisfied if at least 60 percent of the adjusted ordinary gross income of the corporation is personal holding company income. Sec. 542(a)(1). One class of personal holding company income is the portion of adjusted ordinary gross income which consists of interest. Sec. 543(a)(1). This Court has stated that "section 543(a)(1) which defines 'personal holding company income' as 'the portion of the adjusted ordinary gross income which consists of * * * interest' also includes interest as defined in section 61, except for certain adjustments."[5] *Lake Gerar Development Co. v. Commissioner*, 71 T.C. 887, 894 (1979); see also *Investors Insurance Agency, Inc. v. Commissioner*, 72 T.C. 1027, 1031 (1979), affd. 677 F.2d 1328 (9th Cir. 1982). "Adjusted ordinary gross income" is simply gross income with

---

[5]The adjustments referred to are not relevant to the present case.

certain modifications not relevant to the present case. Sec. 543(b)(1) and (2).

If, as respondent asserts, the additional interest income he has allocated to petitioner under section 482 is also to be considered interest for purposes of the personal holding company provisions, then a rigorous application of the statute leads inevitably to the conclusion that it is personal holding company income. The additional income is clearly gross income. It is also adjusted ordinary gross income, since it is not subject to any of the modifications undergone by gross income in reaching that point. Finally, as a portion of adjusted ordinary gross income consisting of interest, it would be personal holding company income by the plain words of the statute.

Respondent has indicated in a revenue ruling on a related matter the view he espouses here that interest income allocated to a corporate taxpayer is indeed also to be considered interest income for purposes of the personal holding company provisions.[6] Additionally, in section 1.482–1(d)(3), examples ( 2 ) and ( 3 ), Income Tax Regs., respondent describes a situation in which personal holding company status is created by an allocation of rental income under section 482. Neither he nor petitioner, however, has cited any case directly on point, nor have we found one through our own research.

Respondent's argument is based on the purpose he perceives as underlying section 482, that of establishing "tax parity" between controlled and uncontrolled taxpayers. This can be accomplished, respondent argues, only by giving full effect to his allocation under section 482, including its effect on the personal holding tax liability of the controlled taxpayer.

Petitioner, however, argues that, although the allocation of interest income to it by respondent is valid for purposes of the corporate income tax imposed by section 11, the additional income should not be considered interest income for purposes of the personal holding company tax. Petitioner contends that, in enacting the personal holding company provisions, Congress

---

[6]In Rev. Rul. 78–133, 1978–1 C.B. 171, dealing with the deduction for deficiency dividends of sec. 547, the creation of personal holding company status through an allocation of interest income under sec. 482 is postulated in the statement of the facts.

intended to tax *"real* not *fictional* income." Petitioner explains that —

The essence of our inquiry is actual income versus imputed income. The allocation under section 482 imputes interest, but it does not result in actual or real income. It is a fictional attribution of income which although valid for income tax purposes, petitioner contends, does not necessarily constitute personal holding company income.

If section 482 is correctly applied, however, as petitioner concedes it has been in the present case, then the income as adjusted is a *better* reflection of economic reality than was the income prior to adjustment. Section 482 is applicable when, as in the present case, the income reported by one of a group of commonly controlled entities is artificially low. The adjustment under section 482 serves to move the income as reported by the controlled entity toward reality, not away from it. Petitioner's failure to charge its related corporations interest on loans totaling several hundred thousand dollars which were outstanding for over 3 years suggests that the right to use that amount of money for that length of time is without value. This is more "fictional" than any allocation made by respondent. An unrelated corporation making the same loans would certainly have charged interest at the market rate, perhaps thereby incurring liability for the personal holding company tax. If section 482's purpose of canceling the advantages that related entities may obtain by artificially shifting income among themselves is to be realized, then the same result must be reached in the case of petitioner.

Petitioner argues further that the personal holding company provisions were designed to tax "incorporated pocketbooks,"[7] and that petitioner cannot be so characterized. As this Court stated in *Lake Gerar Development Co. v. Commissioner, supra* at 895, however,

even assuming arguendo that petitioners fall outside the asserted congressional intent, the personal holding company provisions provide for a mechanical test in which the absence of an "incorporated pocketbook" motivation is irrelevant. *Bell Realty Trust v. Commissioner, supra* [65 T.C. 766 (1976), affd.

---

[7]This term refers to corporations formed by individuals subject to high marginal tax rates in order to hold their investments, for the purpose of having the return on those investments taxed at the corporate rate rather than the higher individual rate. See B. Bittker & J. Eustice, Federal Income Taxation of Corporations and Shareholders par. 8.20, at 8–39 (4th Ed. 1979).

without published opinion 546 F.2d 413 (1st Cir. 1976)]. See also Ways and Means Committee, H. Rept. 704, 73d Cong., 2d Sess. 12 (1933): "The effect of this system * * * is to provide for a tax which will be automatically levied upon the holding company without any necessity for proving a purpose of avoiding surtaxes."

Finally, petitioner argues that the purpose of the personal holding company provisions is to compel the personal holding company to pay dividends[8] and that, when interest income is not actually paid, but instead, is merely allocated under section 482, there is nothing for the creditor corporation to distribute. The same, however, might be said of unpaid interest included in income by an accrual basis corporation, yet it is clear that such interest may constitute personal holding company income. *Joseph Lupowitz Sons, Inc. v. Commissioner*, T.C. Memo. 1972–238, revd. in part on other grounds, affd. in part, and remanded in part 497 F.2d 862 (3d Cir. 1974).[9] Furthermore, although no interest payments were actually made on the loans in question, the record does not establish, and petitioner does not argue, that it had no other property which could have been distributed as a dividend. And even if, in fact, it did not have such property, the consent dividend procedures of section 565 were apparently available to it and its shareholders.

We conclude that the interest allocated to petitioner under section 482 must also be considered interest for purposes of the personal holding company provisions. This result is in accord with the purpose of section 482, as interpreted by this Court in *Edwards v. Commissioner, supra,* and *Huber Homes v. Commissioner, supra,* of placing controlled taxpayers on a parity with uncontrolled taxpayers. It also comports with our holding in *Lake Gerar Development Co. v. Commissioner, supra,* that the term "interest" as used in section 543(a) includes interest as

---

[8]The payment of dividends reduces the amount of "undistributed personal holding company income," the base on which the personal holding company tax is computed. Sec. 545(a).

[9]Although accrued but unpaid interest was not involved in *Lake Gerar Development Co. v. Commissioner,* 71 T.C. 887 (1979), the conclusion that such interest may constitute personal holding company income is also supported by our holding in that case that the term "interest" as used in sec. 543(a)(1) includes interest as defined in sec. 61, with certain adjustments. Under sec. 61, of course, accrued interest may be included in income as well as interest actually paid, depending on the accounting method of the taxpayer.

defined in section 61, except for certain adjustments not relevant to the present case, and with our decision in *Latham Park Manor, Inc. v. Commissioner, supra*, in which we upheld the power asserted by the Commissioner in his regulations under section 482 to "make appropriate allocations to reflect an arm's length interest rate" on loans between controlled entities. It follows that the allocated interest constitutes personal holding company income. Petitioner concedes that, if this is the case, then it is liable for personal holding company tax for the years in question in the amounts computed by respondent.[10]

Respondent concedes that Krueger Bros., Inc., is entitled to additional deductions for interest expense which correlate with the additional interest income allocated to petitioner. Accordingly, a computation under Rule 155 will be necessary.

*Decision will be entered under Rule 155.*

---

[10]The concession with regard to the taxable year ended June 30, 1975, is stated as follows:

"If the Court should find that respondent's interest allocation under I.R.C. sec. 482, in the F.Y.E. June 30, 1975, constitutes personal holding company income under I.R.C. sec. 543(a) and that such an allocation can create personal holding company tax liability under I.R.C. sec. 541 et seq., where none would otherwise exist (without such imputed interest), then petitioner, The Krueger Co., Inc., concedes the correctness of the respondent's computation of the amount of the personal holding company tax for the F.Y.E. June 30, 1975."

This statement appears to place two conditions on petitioner's concession. The concession is to be valid if the Court finds that the allocated interest constitutes personal holding company income "and that such an allocation can create personal holding company tax liability * * * where none would otherwise exist." We believe, however, that this is actually only one condition; once the determination is made whether the allocated interest constitutes personal holding company income, the matter of the corporation's status as a personal holding company and its liability for the tax can be resolved by a purely mechanical application of the statute.

