ELIZABETH W. BOYKIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29784. Promulgated May 10, 1929.

*John Hinkley, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

OPINION.

PHILLIPS: In 1909 William. A. Boykin purchased a residence at a cost of $10,000, which was conveyed to him and his wife, the petitioner herein, as tenants by the entirety. William A. Boykin died in 1918 and, in determining his net estate subject to the Federal estate tax, the Commissioner included this residence at its full value. The petitioner sold this property in 1922 and the question before us is the basis to be used as cost in determining her gain.

It has heretofore been determined that where a husband or wife, holding property as tenants by the entirety, dies and the other survives, such property forms no part of the estate of the decedent and is not subject to estate tax. *Susie M. Root, Executrix*, 5 B. T. A. 696; *Tyler* v. *United States*, 28 Fed. (2d) 887; *Dime Trust & Safe Deposit Co.* v. *Phillips*, 30 Fed. (2d) 395. The same reasoning which leads to the conclusion reached in those cases would require that upon a sale by the surviving tenant by the entirety the basis for determining gain or loss should be the original cost. Counsel for the petitioner contends, however, that the Commissioner is estopped from asserting such basis, inasmuch as he collected an estate tax from the estate of William A. Boykin upon a contrary theory. In *United States Trust Co. of New York*, 13 B. T. A. 1074, we said:

It is another element of equitable estoppel that the party claiming the estoppel should have had the right to rely upon the position taken by his adversary. Here there was no misrepresentation of facts; the ruling was solely one of law.

\* \* \* Each was in a similar position with respect to ability to determine what was the law. \* \* \* We see no ground upon which petitioner could be said to have been justified in relying upon the ruling of the Commissioner upon a question of law to the extent necessary to constitute an estoppel. We are of the opinion that if there are circumstances under which the United States may be estopped from collecting taxes legally due except for such estoppel, they do not exist in the instant case.

In this same connection it may be pertinent to point out that the additional tax collected under the erroneous ruling was not paid by this petitioner, but by the estate of William A. Boykin, a separate entity for tax purposes. It is our opinion that the Commissioner is not estopped to assert the tax here in question. See *Ernest M. Bull, Executor*, 7 B. T. A. 993.

It is also claimed that since the Bureau of Internal Revenue had previously mailed notice of a deficiency for the taxable year to the petitioner and she had consented to the assessment thereof, the present assessment can not stand. This contention must be decided adversely to the petitioner upon the authority of *Botany Worsted Mills* v. *United States*, 278 U. S. 282. See also *L. Loewy & Son, Inc.*, 11 B. T. A. 596; affd. 31 Fed. (2d) 652.

It appears, however, that the Commissioner was in error in computing the amount of the gain, in that no account was taken of the very substantial sum expended in improvements upon this property. The cost of the property and of the improvements totaled $16,000 and this amount should be used as the basis in computing the taxable gain. *W. B. Brooks*, 12 B. T. A. 31.

Reviewed by the Board.

*Decision will be entered under Rule 50.*