FANNIE E. LANG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43518. Promulgated June 24, 1931.

*Washington Bowie, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

ARUNDELL: Petitioner claims that, by reason of the property being held by the entireties, the basis for determining the taxable gain on the sale is the sum of the cost contributed by her ($1,560) and the value of her husband's interest in it at the time of his death ($35,200) a total of $36,760. Respondent has used as a basis the cost in 1915 in the amount of $13,000.

The question here raised has been decided by the Board adversely to petitioner's contention in *Elizabeth W. Boykin*, 16 B. T. A. 477, but that was before *Tyler* v. *United States*, 281 U. S. 497, and at a time when the Board's position was that estates by the entirety might not be included in the gross estate for the imposition of an estate tax. Petitioner relies on the *Tyler* case, but, as we view that decision, it is not decisive of the question here presented. It is true that in that case the Supreme Court was not disposed to allow the fiction of the unity of husband and wife to stand in the way of the inclusion in the gross estate of an estate by the entirety to the extent and in the manner provided for in the statute. It was said in that case that, "The power of taxation is a fundamental and imperious necessity of all government, not to be restricted by mere legal fictions." The conclusion of the court was not that upon death the survivor takes by an outright transfer, as that word is commonly understood, but that death is the generating source of an enlargement of property rights which Congress might and did include within that class of happenings upon which an estate tax is imposed.

A part of petitioner's argument is that the survivor takes by inheritance. But this is not the law as we understand it. The rights of both husband and wife originate in the deed of conveyance. Under it each takes "not by moieties, but the entirety." *Ades* v. *Caplan*, 132 Md. 66; 103 Atl. 94. The interest of the wife in the whole property under the deed during the lifetime of the husband is so much hers that it can not be subjected to the debts of the husband. *McCubbin* v. *Stanford*, 85 Md. 378; 37 Atl. 214. The only effect of the death of one of the tenants is to remove the restrictions with which the ownership of the other was hedged about; it does not change the source of ownership, namely, the deed of conveyance. The Supreme Court in the *Tyler* case recognized the State law to be as we have just stated it, and said, moreover, that those decisions were binding on it.

It is also argued that imposition of a tax on the sale of the property will result in double taxation because of the fact that the same property was included in the decedent's estate, and an estate tax

paid. Discussing a similar argument in *Ernest M. Bull, Executor*, 7 B. T. A. 993, 1000, we said:

But there is no warrant for the assumption of mutual exclusion. The two taxes are different in kind and incidence, and if when properly applied they each produce revenue in respect of the same matter, that fact alone does not militate against either levy. Double tax is of course not to be presumed (see *Nichols* v. *United States*, Court of Claims, April 4, 1927; 6 Am. Fed. Tax Rep. 6592) and ought to be avoided if doubtful, but if clear it is not invalid. This may be illustrated by the plain overlapping of the capital stock tax and the income tax. The former is measured by the actual value of capital stock. Such value frequently reflects earnings which at the same time measure the income tax. But the earnings when derived are not less subject to income tax because they have given taxable value to capital stock. A similar impinging of the inheritance tax and the income tax upon the same factor of value will be found in the two decisions of the Supreme Court in *United States* v. *Fidelity Trust Co.*, 222 U. S. 158, and *Irwin* v. *Gavit*, 268 U. S. 161; 5 Am. Fed. Tax Rep. 5380.

Moreover, in the present case the two taxes fall on different persons; the estate tax on decedent's estate, and the income tax on the petitioner. If the argument of petitioner were sound, it would be equally sound to say that that portion of a man's income which he saves and which eventually becomes a part of his estate should not be subject to an estate tax because he has once paid an income tax on it.

The primary basis for computing gain or loss is cost. In this case the cost of the property in which the petitioner " became seized of the entire estate " (*Safe Deposit & Trust Co.* v. *Tait*, 295 Fed. 429) was $13,000, and she sold it in the taxable year for $40,000. We think it does not matter that a part of the cost was supplied by the other spouse. If it be considered that the part contributed by the deceased spouse was a gift, then the basis as to such part is the fair market value at the time of the gift. Section 204(a)(4) of the Revenue Act of 1924. As the property here was acquired for cash, the presumption is that the cash paid is the measure of such value.

Accordingly, we hold that the gain realized by petitioner on the sale of the property in 1925 was the difference between cost of $13,000 and selling price of $40,000, subject to adjustment for improvements as stipulated, which will be settled under Rule 50. The taxes and interest accrued at the time of decedent's death, and which were included as liabilities of his estate, are not proper deductions from petitioner's income, and this will be adjusted in the Rule 50 settlement.

Reviewed by the Board.

*Decision will be entered under Rule 50.*