*643 OriNION.
Seawell :
With reference to the alternate allegation of error to the effect that the parcel of real estate purchased in 1899 had a fair market value on March 1, 1913, of more than $22,000 as determined by the Commissioner, to wit, a value of $50,000, counsel apparently waives the issue and admits in his brief that the fair market value is as determined and that said sum is in excess of cost.
The other issues raised persist, but appear to us to be fully decided in the case of Fannie E. Lang, 23 B.T.A. 854. Petitioner, however, says :
In the present case, we raised a point which was not decided in the Lang ease, which is that whatever value passes and is taxed for Federal estate tax purposes becomes capital and what is capital cannot be income within the meaning of the Sixteenth Amendment to the Constitution of the United States.
This contention of petitioner appears to us to be based upon an erroneous understanding as to what the Supreme Court decided in the case of Tyler v. United States, 281 U.S. 497. The brief for petitioner says:
* * * Either the United States Supreme Court was in error in its decision in Tyler vs. V.8., supra, or the entire value of property held as tenants by the entirety must have passed at death in order to have been subjected to the Federal estate tax. There must have been a transfer from the decedent to the surviving tenant, because the tax is upon the transfer, and not upon the property itself.
The decision of the Board in the Fannie E. Lang case, supra, was affirmed by the Circuit Court of Appeals for the Fourth Circuit, 61 Fed. (2d) 280, and this decision of the circuit court of appeals was itself affirmed upon review by the Supreme Court of the United States, 289 U.S. 109. Mr. Justice Sutherland, who delivered the opinion of the Supreme Court, having under review the question (on facts comparable to the facts in the instant case) whether cost of property at 'the date purchased and acquired by the tenants by entireties or its fair market value at the time of the death of one of the tenants by entireties is the proper basis for determining the gain from the sale made by the surviving spouse, said:
An estate by the entirety is held by the husband and wife in single ownership, by a single title. They do not take by moieties, but both and each take the whole estate, that is to say, the entirety. The tenancy results from the common law principle of marital unity; and is said to be sui generis. Upon the death of one of the tenants “the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation *644 by the other; * * 1 Washburn, Real Property, 6th Ed., § 912. In the present ease, therefore, when the husband died, the wife, in respect of this estate, did not succeed to anything. She simply continued, in virtue of the nature of the tenancy, to possess and own what she already had. Giving the words of the statute their natural and ordinary meaning, as must be done, it is obvious that nothing passed to her by bequest, devise, or inheritance.
The court further said:
If the legislation here under review results in imposing an unfair burden upon the taxpayer, the remedy is with Congress and not with the courts. Unless there is a violation of the Constitution, Congress may select the subjects of taxation and tax them differently as it sees fit; and if it does so in plain words, as it has done here, the courts are not at liberty to modify the act by construction in order to avoid special hardship. Croolcs v. Harrelson, 282 U.S. 55, 61.
We feel that the various decisions in the Lang case are fully controlling here, and accordingly we affirm the Commissioner.

Judgment will be entered for the respondent.