722

District Court, S. D. New York.
Dec. 5, 1933.

Macklin, Brown, Lenahan & Speer, of
New York City (Paul Speer, of New York
City, of counsel), for plaintiffs.

George Z. Medalie, U. S. Atty., of New
York City (Ralph E. Stone, Asst. U. S. Atty.,
of New York City, of counsel), for defend-
ant.

KNOX, District Judge.

The motions to dismiss the complaints are
granted.

The essential facts alleged in the com-
plaints are simple and raise a clear-cut ques-
tion. The settlor of two trusts conveyed
stock of the Magnolia Petroleum Company to
trustees in trusts for two beneficiaries, on
September 6, 1921. On April 8, 1922, he
died. The Treasury Department of the Unit-
ed States, upon the filing of the estate tax re-
turn of the settlor, ruled that the conveyance
in trust was made in contemplation of death,
and that in consequence the securities con-
veyed to the trustees should be included in
the decedent's estate. The value of the stock
was fixed at $155 per share, that being its
appraised valuation upon the date of death;
and the estate tax upon the entire estate, in-
cluding the foregoing securities, was duly
paid.

Thereafter, the stock holdings of the trus-
tees were increased by a 50 per cent. stock
dividend, and later, upon the acquisition of
the Magnolia Petroleum Company, by the
Standard Oil Company of New York, the for-
mer stockholders of the Magnolia corpora-
tion received 4 shares of Standard Oil for
each share of Magnolia. The Standard Oil
Company then declared a stock dividend of
1 share for each 4 shares, and the final re-
sult was that each stockholder of the Mag-
nolia Petroleum Company held 5 shares of
Standard Oil stock for each share previous-
ly held in the Magnolia Company.

In 1928, the trustees sold 5,500 shares of
the Standard Oil Company stock. In report-
ing the taxable gain realized upon this sale,
they took as a base a value of $20.66⅔ per
share, which was computed by reference to
the valuation of $155 per share at which the
Magnolia stock was included in the estate of
the settlor. Upon this basis, the trustees re-
ported a net gain of $105,416.20 for each
trust, and paid an income tax thereon. Sub-
sequently, the Commissioner of Internal Rev-
enue assessed an additional tax against the
trusts, based upon the addition of $39,097.19
to the income of each of them. The addition-
al income was arrived at by taking as a basis
for the gain derived from the sale of the
Standard Oil stock, the cost price of the Mag-
nolia stock when originally acquired by the
deceased settlor. The Commissioner fixed this
cost at $74,569.11. Plaintiff paid the addi-
tional tax under protest, filed claims for re-
fund which were rejected, and these ac-
tions ensued.

The only question presented is whether the

Commissioner erred in taking the cost of the securities to the settlor of the trust as a base for determining the taxable gain, instead of their value at the time of his death.

 Section 113 (a) (3) of the Revenue Act of 1928 (26 USCA § 2113 (a) (3), under which the questioned assessment was made, reads as follows:

"If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by a bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made."

There is no doubt that the transfer in the present action falls within the literal terms of this section of the act. It was a "transfer in trust" made "after December 31, 1920," and it was not made "by a bequest or devise." Plaintiff argues with much show of reason, however, that since the transfer was made in contemplation of death, it should be placed in the same category with transfers by bequest or devise. In support of this argument it points to the sections of the Revenue Acts in the past decade, under which transfers in contemplation of death have consistently been classified with testamentary dispositions by devise or bequest, for the purposes of the taxation of decedent estates. Revenue Act of 1921, § 402 (c), 42 Stat. 278; Revenue Act of 1924, § 302 (c), and Revenue Act of 1926, § 302 (c), 26 USCA § 1094 and note (which was left in effect without change by the Revenue Act of 1928). See 26 USCA § 1094 (c). For this reason, plaintiff urges that in assessing the present tax, the Commissioner should have taken as a cost basis the value of the property at the time of its acquisition by the taxpayer, thus applying the same rule as in the case of property acquired by devise, bequest, or inheritance. There is no doubt that this was the law under the Revenue Acts prior to that of 1928. Revenue Act of 1921, § 202 (a) (3), 42 Stat. 229; Revenue Act of 1924, § 204 (a) (5), 26 USCA § 935 and note; Revenue Act of 1926, § 204 (a) (5). See 26 USCA § 935 (a) (5). Those sections are identical in their effect. For example, the provision in the 1926 Act (26 USCA § 935 (a) (5) reads:

"If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisi-

tion of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921, or in subdivision (c) or (f) of section 302 of the Revenue Act of 1924 or in subdivision (c) or (f) of section 302 of this Act."

The subdivisions referred to embrace those previously cited as providing that property transferred in contemplation of death should be included in the value of the gross estate of a decedent, in determining the estate tax.

But the Revenue Act of 1928 contains no similar provisions. The corresponding section—113 (a) (5) in that act (26 USCA § 2113 (a) (5) provides:

"If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer. * * * "

The absence of a specific provision making the terms of this section applicable to property transferred in contemplation of death is significant in the light of the presence of such a provision in previous Revenue Acts.

Of still greater significance is the fact that section 113 (a) (3), 26 USCA § 2113 (a) (3), under which the assessment under attack was made, contains no provision explicitly excepting property transferred in contemplation of death from the operation of the rule set forth therein. The parallel section 204 (a) (3) in the Revenue Act of 1926 (26 USCA § 935 (a) (3) provided:

"If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made. *The provisions of this paragraph shall not apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921, or in subdivision (c) or (f) of section 302 of the Revenue Act of 1924 or in subdivision*

*(c) or (f) of section 302 of this Act."* (Italics mine.)

The provision in the 1924 Act was the same except that, perforce, it did not refer to the subdivisions of the 1926 Act.

The language used in section 113 (a) (3) of the Revenue Act of 1928 (26 USCA § 2113 (a) (3) is identical with that in the foregoing quotation, with the exception that the italicized sentence has been deleted. This omission, taken in connection with the similar omission in section 113 (a) (3), is most persuasive that Congress intended not to continue but to change the previous rule which had been applied in determining the amount of taxable gain upon the sale of property acquired by a transfer in trust made in contemplation of death. Such has been the interpretation put upon the act by the Treasury Department. Whereas article 1563 of Regulation 62, issued with respect to the Revenue Act of 1921, provided that the words, property "acquired by bequest, devise, or inheritance," appearing in section 202 (a) (3), included "such property interests as the taxpayer has received as the result of a transfer, or creation of a trust, in contemplation of or intended to take effect in possession or enjoyment at or after death,"

Article 594 of Regulations 74, applying to section 113 (a) (3) of the Revenue Act of 1928, provides:

"In the case of property acquired after December 31, 1920, by a transfer in trust, other than by a transfer in trust by bequest or devise, the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made. *This article applies to property acquired after December 31, 1920, by a transfer in trust, even though such transfer was made in contemplation of, or was intended to take effect in possession or enjoyment at or after, the grantor's death."* (Italics mine.)

This rule appears to be a correct interpretation of section 113 (a) (3) of the Revenue Act of 1928 (26 USCA § 2113 (a) (3), in the light of the comparison which has been made between its provisions and those of earlier Revenue Acts. Any doubt upon the intention of Congress in this regard is resolved by a perusal of the Report of Senate Finance Committee on Internal Revenue Bill of 1928, No. 960, which struck out of the House bill the excepting sentence which had

been taken over from the preceding acts. The report states, at page 26:

"Section 113 (a) (3) is amended by striking out the last sentence of the House bill, with the effect of including within the paragraph all classes of transfers in trust made after December 31, 1920 (even if made in contemplation of death or to take effect in possession or enjoyment at or after death). The basis thus provided is the basis the property would have in the hands of the grantor, adjusted for gain or loss recognized to the grantor when the transfer was made.

"The effect of striking out the last sentence of Section 113 (a) (3) is also to make the basis in the case of gifts in contemplation of death or to take effect in possession or enjoyment at or after death, if made after December 31, 1920, the same as the basis which the property would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift."

The ruling of the Commissioner in the present case was clearly based upon a correct interpretation of the act. There remains for consideration only plaintiff's contention that such an interpretation makes the statute unconstitutional.

The ground upon which the claim of unconstitutionality is based is that by imposing an income tax upon something that is not income, the statute exceeds the power granted to Congress by the Sixteenth Amendment. The argument is that, since the property was considered as part of the corpus of the estate of the deceased settler in subjecting it to the estate tax of 1921, the entire difference between the cost at which the settler originally acquired the property and the price at which the trustees sold it in 1928, cannot be deemed income. The fallacy in this argument is that it assumes that the imposition of the estate tax by some metaphysical process actually converted the transfer inter vivos into a testamentary transfer. Such, of course, is not the case. The imposition of an estate tax upon a gift inter vivos does not in any respect alter its essential character as a gift. It is not thereby transformed into a devise or bequest. It is simply included in the same class with testamentary dispositions in order to prevent evasion of the estate taxes. See Milliken v. United States, 283 U. S. 15, 51 S. Ct. 324, 75 L. Ed. 809; United States v. Wells, 283 U. S. 102, 116, 51 S. Ct. 446, 75 L. Ed. 867. The fact that the property in the present case was subjected to an estate tax, therefore, has no bearing upon the determination of whether or not the difference between its

cost to the settler and the price it brought upon sale by the grantee, constituted income, within the meaning of the Sixteenth Amendment. That question must be determined here just as in the case of the sale of any other property which was the subject of a gift. And the Supreme Court has definitely held that such difference can constitutionally be taxed as income. Taft v. Bowers, 278 U. S. 470, 49 S. Ct. 199, 73 L. Ed. 460, 64 A. L. R. 362. It follows that plaintiff's objection on the ground that the tax exceeded the powers of Congress under the Sixteenth Amendment, is without merit.

The complaint also alleges a violation of the Fourteenth Amendment, but this is obviously inapplicable to a statute enacted by Congress and not by the Legislature of a state. The violation, if any, of plaintiff's rights would arise under the Fifth Amendment. Since neither the complaint nor the briefs, however, set forth any allegation or contention in this regard, little need be said upon this score. It is sufficient to state that the mere fact that a part of the increase in value which was subjected to the income tax upon the grantee had previously been used as a measure in determining the amount of the estate tax levied upon the estate of the grantor, does not make the collection of the income tax from the grantee a deprivation of property without due process of law, under the Fifth Amendment. See Barclay & Co. v. Edwards, 267 U. S. 442, 450, 45 S. Ct. 135, 348, 69 L. Ed. 703; Flint v. Stone Tracy Co., 220 U. S. 107, 158, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Treat v. White, 181 U. S. 264, 269, 21 S. Ct. 611, 45 L. Ed. 853.

Motions granted.