ELLA P. BURDICK, TRUSTEE, ESTATE OF JOEL W. BURDICK, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THE UNION TRUST COMPANY OF PITTSBURGH, TRUSTEE, ESTATE OF JOEL W. BURDICK, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46322, 61009. Promulgated January 11, 1934.

*W. W. Booth, Esq.*, for the petitioners.
*B. M. Coon, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner is the same in each case, being a trust created under the will of Joel W. Burdick. The Commissioner determined a deficiency of $7,388.76 for 1927 (Docket No. 46322) and

one of $7,067.60 for 1929 (Docket No. 61009). The issues, as stated by the petitioner, are: (1) Where the value of stock in a corporation has been appraised for estate tax purposes at the date of death of the owner and such stock is distributed by the executors to the trustees under decree of court at the appaised value, and where extraordinary dividends are thereafter declared and paid in cash, which are partly payable out of income earned by the corporation subsequent to the date of death and partly payable out of surplus accrued prior to and existing at date of death, are those portions of such extraordinary dividends which are payable out of surplus as it existed at date of death income to the trustee within the purview of the Sixteenth Amendment, or do they constitute a return of capital?

(2) Where a widow is entitled, under the will of her deceased husband, to a part of the income of the estate for life, in lieu of her statutory surviving spouse's inheritance, are the payments made to her by the trustees under the will out of income of the trust deductible by the trustees under section 219 (b) (2) of the Revenue Act of 1926 and section 162 (b) of the Revenue Act of 1928?

The Commissioner allowed the payments to the widow as a deduction for 1927, but by affirmative pleadings contends that he erred in so doing and claims an increased deficiency for that year. Otherwise the issues are raised by the petitioner. Facts have been stipulated.

The decedent created a trust by his will. It included all personal property not otherwise disposed of. He owned at the date of his death, May 12, 1925, 1,350 shares of West Penn Steel Co. common stock which the Commissioner valued for estate tax purposes at $573,750, or $425 per share. " The value is based on the worth of the company, selling price of the stock and other pertinent factors, and the undistributed earnings and surplus were taken into consideration." A large part of the surplus was in cash and Government securities. The shares were a part of the trust corpus in 1927 and 1929. In each year the company declared an extraordinary cash dividend. The trust received $87,750 in 1927 and $47,250 in 1929 as its share of these dividends. The stipulation is to the effect that a certain part of each distribution was out of surplus as of May 12, 1925. The trustees retained the part paid from surplus as of May 12, 1925, for the remaindermen and distributed the other part to the life beneficiary of the trust. The probate court approved the trustees' account in which these actions were shown and in which the amount at which they carried the stock was reduced by the amount of the dividends retained. The Commissioner included the entire amount received by the trust in each year as gross income for that year in computing the deficiencies.

The petitioner contends, on the first point, that a distinction must be made for income tax purposes between that part of each dividend which was paid out of earnings of the company accumulated after the decedent's death and that part which reduced the surplus of the company as it existed at the date of the decedent's death. It claims the latter part is a return of capital and to tax that as income would be not only erroneous but unconstitutional. Its argument is that the trust became a new and separate taxable entity on May 12, 1925, having capital consisting of the 1,350 shares of stock; these shares had a certain value at that time based upon several pertinent factors, one of which was the earned or accrued surplus as of that date; this surplus became capital of the trust; any dividend paid to the trust out of this surplus reduced the " intact " value of the shares as part of the trust corpus, substituted cash for that value and amounted to no more than a conversion of capital; this part of the dividends was not income to this particular taxpayer; any attempt to tax it would be unconstitutional as a direct tax on property without apportionment, and furthermore would amount to double taxation, since an estate tax had been collected on this same item as part of the value of the shares at the date of the decedent's death.

The trust and the decedent are different taxable entities, as contended. The estate tax did not fall upon this taxpayer. Thus the same thing is not being taxed twice to the same taxpayer. Cf. *Elizabeth W. Boykin*, 16 B.T.A. 477. The income and estate tax statutes are different, may impinge and may work some hardships in certain cases. Cf. *Ernest M. Bull, Executor*, 7 B.T.A. 993; *Fannie E. Lang*, 23 B.T.A. 854; affd., 61 Fed. (2d) 280. Even if double taxation occurs it is not unconstitutional. It is merely a result to be avoided where the statutes are not clear.

The situation here resembles closely that which results when stock is sold or given away. The seller may be subject to a tax on his profit and the donor to a gift tax. Yet the purchaser and donee have to report dividends thereafter received regardless of whether or not they come from surplus theretofore accumulated. If the whole amount distributed to the present taxpayer is not income, it would seem that similar distributions would likewise be a return of capital to the purchaser and the donee in the examples above given. This would make the administration of the revenue acts extremely difficult, if not impossible. Cf. *Gibbons* v. *Mahon*, 136 U.S. 549. However, if the petitioner's theory is correct, the result must follow, regardless of difficulties of administering the revenue acts.

The petitioner seeks to support its contention by stating two principles; one, that the cost of a capital investment must be restored to a taxpayer from " the proceeds " before there is a gain taxable as income; the other, that which constitutes corpus of an estate is not

thereafter subject to an income tax. The revenue acts provide for the return of capital before gain or profit is taxed. The courts have very generally applied such a rule. But it has no bearing upon our question of what is a taxable dividend. It would be an important rule if the trust had disposed of the stock or had received a liquidating distribution. The value of the stock on May 12, 1925, would have to be subtracted from the amount received before there would be any gain taxable to the trust. But no contention is made that these distributions were in liquidation of the corporation nor is the trust being taxed upon a sale of the stock. It still owns the stock and for all we know the value of the stock may be greater now than it was on May 12, 1925. Cf. *In re Waterman's Estate*, 279 Pa. 491; 124 Atl. 166.

The surplus of the corporation was not a part of the corpus of the trust until it was distributed through the declaration and payment of these dividends. Cf. *Lynch* v. *Hornby*, 247 U.S. 339; *Peabody* v. *Eisner*, 247 U.S. 347. Prior thereto the trust had only the indirect interest of a stockholder in the surplus of the corporation. *Eisner* v. *Macomber*, 252 U.S. 189. These distributions did not return capital to the trust. They were dividends and income under the express provisions of the revenue acts. Section 201 and 213 (a) of the Revenue Act of 1926 and sections 22 (a) and 115 of the Revenue Act of 1928. As such they have been included in the gross income of the trust. A distribution in cash of a surplus of a corporation is a sufficient realization of income by the stockholder to be taxable as income under the Sixteenth Amendment. These distributions were in cash and were made from earnings or profits accumulated since February 28, 1913. The taxpayer still has its stock and that stock *still* carries its original basis for gain or loss. That basis measures the capital which must be returned to the taxpayer tax free before gain is recognized upon the disposition of the stock. In the meantime dividends may be subjected to tax constitutionally. They have no basis except as surplus on March 1, 1913, and unimpaired capital may be bases. Subject to these restrictions, they are income. There is no further restriction that they must not include distributions of surplus as of the date the taxpayer acquired his stock.

The petitioner seems to contend that this conclusion can not be reached because of a rule of law in Pennsylvania. The courts of that state have held that the part of an extraordinary dividend paid from extraordinary accumulations of surplus of a corporation on hand when the decedent died must be held for the remainderman as corpus of the trust and may not be distributed by the trustees to a life beneficiary. See, however, *Gibbons* v. *Mahon, supra*. This

rule has an effect in Federal income taxation and may not be disregarded. Where it applies, a life beneficiary would not have to include that part of the income of the trust in his income and the trust would not be entitled to deduct the amount from its gross income. Section 219 (b) (2) and (3) of the Revenue Act of 1926. Section 162 (b) and (c) of the Revenue Act of 1928. But this is the extent of the effect of this Pennsylvania rule. It settles the question of property rights in the distribution. The Federal law controls as to what is a taxable dividend and as to what is taxable as income, if there is any conflict. Cf. *Wear* v. *Commissioner*, 65 Fed. (2d) 665. The second rule stated, if it be a correct statement of a general rule, is inapplicable because, as we have already said, the surplus of the corporation was never a part of the corpus of the trust prior to the declarations of these dividends. We do not understand that the Pennsylvania courts hold differently. But if they do, the subject is not one as to which their decisions are binding upon the Federal Government in the imposition of its income taxes.

The payments of a part of the income of the trust made to the widow under the will in lieu of her statutory rights are deductible from the petitioner's income. *Helvering* v. *Butterworth*, 290 U.S. 365.

*Decision will be entered under Rule 50.*