the work, and to have additional time, if that was made necessary by the changed work.

D and F, as a subcontractor, is in no different position from what it would have been in as a separate prime contractor, as P was in Rice, or as Mount Vernon would have been in if it had done the paving work itself instead of subcontracting it to D and F.

We have limited our discussion to the situation of D and F. L. C. L. and Windsor, being subcontractors of D and F, are in no better position than D and F.

In view of our conclusion as to the legal merits of the claims presented in the petition, we do not consider or decide what was the effect of the release given to Mount Vernon by D and F, L. C. L., and Windsor.

The petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.

Charles P. SPICER and Mack Ryan, Surviving Trustees Under Agreement with Ora J. Mulford Dated December 29, 1941,

v.

The UNITED STATES.

No. 385–52.

United States Court of Claims.

July 12, 1957.

Paul Franseth, Detroit, Mich., for plaintiffs. Voorhies, Long, Ryan and McNair, Detroit, Mich., were on the briefs.

David R. Frazer, Washington, D. C., with whom was Asst. Atty. Gen., Charles K. Rice, for defendant. James P. Garland, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is a suit to recover $208,235.54 in income taxes paid on a long term capital gain realized from the sale of assets held in trust. The precise question to be decided by the court is whether or not gifts made in contemplation of death which are included in a decedents gross estate for estate tax purposes under section 811(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. (I.R.C. 1939) § 811(c), are entitled to the use of the stepped-up basis provided for in section 113(a) (5) of the Code, 26 U.S.C.A. (I.R.C.1939), § 113(a) (5), upon a sale by the donee.

Plaintiffs were trustees under an irrevocable trust created by one Ora J. Mulford, sometimes hereinafter referred to as decedent, for the benefit of his son John W. Mulford. The trust consisted of 11,071½ shares of the Gray Marine Motor Company and was executed by the settlor, Ora J. Mulford, on December 29, 1941. A gift tax return was filed and a tax was assessed and collected upon a determination that the value of the stock transferred by the gift in trust was $35 per share.

On August 3, 1943, Ora J. Mulford died and thereafter on June 14, 1944, the trustees under the December 29, 1941, trust agreement sold the entire 11,071½ shares of the Gray Marine Motor Company stock at $130 a share or for a total sum of $1,439,295. The trustees filed an income tax return for the year 1944 showing a long term capital gain in the amount of $1,423,638.87 from the sale of stock held in trust. The basis for the determination of the long term capital gain was the original cost to the decedent of $0.7672 per share. The income tax on that capital gain amounted to $355,909.72 and was paid by the trustees.

In administering the estate of Ora J. Mulford, his executors filed a Federal estate tax return but did not include in the gross estate the 11,071½ shares of stock in the Gray Marine Motor Company which the decedent had prior to his death transferred by gift in trust. On December 13, 1946, the Commissioner of Internal Revenue, hereafter referred to as Commissioner, issued a 30-day letter setting out a proposed deficiency in estate tax against the estate of decedent in the amount of $593,045.39. One class of items on which the proposed deficiency was predicated was certain transfers which the decedent had made during 1941 but which the executors had not included in the estate tax return. One of those items was the 11,071½ shares of stock in the Gray Marine Motor Company. It was the opinion of the Commissioner that the shares of stock in the Gray Marine Motor Company should be included in the gross estate of the decedent as a transfer made in contemplation of death within the meaning of section 811(c) of the Code which provides in pertinent part as follows:

"§ 811. *Gross estate*

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\*　　\*　　\*　　\*　　\*

"(c) *Transfers in contemplation of, or taking effect at death.* To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death \* \* \*. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been

made in contemplation of death within the meaning of this subchapter;" 53 Stat. 120, 121.

\* \* \* \* \*

This conclusion was reached because of the decedent's advanced age and the fact that the beneficiary of the trust was the same individual who would have been the natural object of the decedent's bounty under a will. Also, inasmuch as the decedent died within two years after making the gift the presumption that the gift was made in contemplation of death attached.

The value placed upon the stock of the Gray Marine Motor Company at the time of the decedent's death was $130 per share as determined by the Commissioner. Protests were made by the executors to the inclusion of the shares held in trust in the gross estate of the decedent and conferences were held between representatives of the Commissioner and decedent's estate. At these conferences it was urged on behalf of the estate that the stock given in trust was not a transfer in contemplation of death and should therefore be excluded from the gross estate for estate tax purposes. The representative of the Commissioner stated that this was not the only reason for including the trust stock in the estate since they also felt that the decedent retained certain controls over the trustees so as to make the trust includible on that basis.

On October 7, 1947, the Commissioner issued a 90-day letter advising the executors of the estate that he had determined a deficiency in estate taxes. This determination was based upon the inclusion in the gross estate of the same items of transferred property as were proposed in the 30-day letter, including the 11,071½ shares of the stock of the Gray Marine Company at a value of $130 per share. The 90-day letter stated in part:

"It is held that the total fair market value of certain transferred property was $1,480,890.81 on the basic date, August 3, 1943, and should be included in the gross estate under the provisions of Section 811 of the Internal Revenue Code."

Thereafter the executors filed a petition in the Tax Court of the United States for a redetermination of the deficiency in estate taxes alleging, among other things, that the Commissioner was in error in including the 11,071½ shares of stock in the Gray Marine Motor Company as part of the gross estate of the decedent. After the filing of this petition negotiations for settlement were had between the parties which resulted in the settlement of all issues involved in the petition for $225,000 in lieu of the deficiency of $593,045.39 as determined by the Commissioner. As a condition for accepting this settlement, the Commissioner required an agreement to be signed by the executors of the estate and also the trustees under the trust. This agreement read:

Agreement

"In re: Estate of Ora J. Mulford, Deceased; John W. Mulford, Executor, Devisee and Legatee; James B. Moran and Mack Ryan, Executors and Trustees; Charles P. Spicer, Trustee.

"In the event of the acceptance by or on behalf of the Commissioner of Internal Revenue of a proposal of settlement of the estate tax liability of the Estate of Ora J. Mulford, deceased, upon the basis of an estate tax deficiency of $225,000.00, and as a part of the consideration for such settlement, the undersigned agree that their basis for interests in property owned by the decedent at date of death will be the values determined by the examiner in Bureau letter dated December 13, 1946, for income tax purposes under the provisions of Section 113 of the Internal Revenue Code, as amended, or similar provisions of subsequent revenue acts.

"The undersigned further agree to whatever extent it may be material that on August 3, 1943 the fair market value of 11,071½ shares of

Gray Marine Motor Company stock was $841,434.00, or $76.00 per share.

This agreement, together with all instruments executed thereunder, constitutes an entire basis of settlement, subject to acceptance by or on behalf of the Commissioner of Internal Revenue, and in the event of his failure to accept any provision thereof, no part of this agreement shall have any force or effect."

A stipulation was executed and filed in the Tax Court which settled the case and a judgment was entered by the court based thereon.

On March 15, 1948, the plaintiffs, trustees under the trust agreement of December 29, 1941, filed a claim for refund of income taxes paid for the year 1944 in the amount of $208,235.54 with the Commissioner. In claiming the refund, the trustees contended that they were entitled to use as the basis for computing gain upon the sale of the Gray Marine Motor Company stock the value of the shares of stock on the date of Ora J. Mulford's death, which had been agreed to be $76 per share. As hereinbefore stated, the trustees in paying the income tax on the capital gain realized from the sale of the stock held in trust had used as the basis for determining that gain the cost to decedent Mulford. The claim for refund was denied by the Commissioner and suit was brought in this court.

It is the position of the plaintiffs that the trust is entitled under section 113(a) (5) of the Code to use as a basis for determining gain upon the sale of the stock the value on the date of decedent's death rather than the original cost to him. Section 113(a) (5) provides in pertinent part as follows:

"*Property transmitted at death.* If the property was acquired by bequest, devise or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. In the case of property transferred in trust, to pay the income for life to or upon the order or direction of the grantor,

with the right reserved to the grantor at all times prior to his death to revoke the trust  *  *  * , the basis of such property in the hands of the persons entitled under the terms of the trust instrument to the property after the grantor's death shall, after such death, be the same as if the trust instrument had been a will executed on the day of the grantor's death."

Plaintiffs say that since the value of the stock in trust was included within the estate for estate tax purposes than it must necessarily follow that section 113 (a) (5) provides for the stepped-up basis. The defendant says that such a position is correct in the case of property transmitted at death, but that the transfer involved herein was a completed transfer by gift prior to the death of the decedent and therefore is subject to the basis provisions of section 113(a) (2) and not section 113(a) (5). Section 113 (a) (2) states:

"If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift,  *  *  * ."

Defendant says that section 113(a) (2) applies even where the value of the gift was included in the gross estate of the donor under section 811(c) as a transfer made in contemplation of death. Defendant points to section 29.113(a) (2)–1, Treasury Regulations 111, which also provides in part:

"Section 113(a) (2) applies to all gifts of whatever description, whenever and however made, perfected, or taking effect; whether in contemplation of or intended to take effect in possession or enjoyment at or after the donor's death; or whether made by means of the exercise (other than by will) of a power of appointment or revocation, or any other power. Section 113(a) (2) applies whether the gift was made by a transfer in trust or otherwise."

Plaintiffs, however, claim (1) that the inclusion of the value of the gift in the estate was not based upon a determination that the gift was a transfer made in contemplation of death, and (2) that even if it was so included for that reason, a denial to the donee of the right to use the stepped-up basis provided for in section 113(a) (5) is illegal and unconstitutional.

We have found as a fact (finding 17) that the value of the gift in trust was included in the gross estate of the decedent for the reason that the Commissioner had determined that the transfer was made in contemplation of death. We do not deem it necessary to recite the evidence as set out in the findings of fact in order to support this conclusion. We are also of the opinion that the collateral agreement executed by the trustees and executors in settling the estate tax case did not set the value of the shares of the Gray Marine Motor Company stock for the purposes of determining the income tax to be paid on the gain from their sale by the trustees. The sale and tax collected upon the gain realized therefrom had taken place several years previous to settlement of the estate tax question. The settlement and collateral agreement made pursuant thereto involved only estate tax liability and we do not read the agreement, as plaintiffs urge us to do, as allowing them to claim a refund based upon the values settled upon for the estate, an entirely different taxpayer. It therefore remains only for this court to decide whether the Commissioner was correct in denying to plaintiffs the use of the stepped-up basis as provided in section 113(a) (5).

Plaintiffs argue that when a transfer had been determined to have been made in contemplation of death and included in the gross estate of the decedent pursuant to section 811(c) the reasonable construction of section 113(a) (5) would be to hold that the transfer is a substitute for a testamentary disposition and allow the stepped-up basis. In order to hold the way plaintiffs argue we would necessarily have to find that section 29.-113(a) (2)–1, supra, is invalid for incorrectly interpreting the law.

In considering the Internal Revenue Code of 1954, Congress had occasion to review the basis provisions of section 113(a) (5). In so doing they enacted section 1014 of the 1954 Code which corresponds to section 113(a) (5) of the 1939 Code but *expressly* allows a donee of a gift made in contemplation of death to use as his basis, the value of the property at the date of the donor's death or an alternate date one year later. This legislation was not made retroactive, and in speaking of the proposed section the Senate Committee on Finance stated in its report to the Senate, Senate Report 1622, 83d Congress, 2d session, at page 107:

"Under existing law most property transferred as a result of the death of an individual receives a new basis at the date of death equal to its then market value (or value 1 year later if the estate-tax optional valuation date is used). This is presently true in the case of property acquired directly from the probate estate of the decedent as well as to property transferred by certain other specifically described transfers. *This change in basis is not available, however, with respect to property included in the decedent's gross estate for estate-tax purposes if the property was transferred in contemplation of death, \* \* \*.*" [Italics supplied.]

Identical language appears in the House Report on the Internal Revenue Code of 1954. See the discussion of the legislative history of section 113(a) in Speer v. Duggan, D.C., 5 F.Supp. 722. In Wurlitzer v. Helvering, 6 Cir., 81 F. 2d 928, 929, a case involving the question of whether or not section 113(a) (5) applied to gifts made in contemplation of death, that court said in discussing this issue:

"Respondent was correct in applying section 113(a) (2) and in valuing the stock as of March 1, 1913. Section 113(a) (2) applies to all

gifts irrespective of their nature. The statute makes no distinction between gifts inter vivos and gifts in contemplation of death. Also the legislative history of the statute strongly supports this conclusion. Section 113(a) (5) (the section here involved) as introduced, contained a provision making it apply to property acquired by transfer in contemplation of death. Section 113(a) (3) contained a provision that section 113(a)(2) should not apply to transfers in contemplation of death. Each of these provisions was stricken out in conference, and the Senate Committee on Finance in its report as to the bill said:

" 'The effect of striking out the last sentence of section 113(a) (3) is also to make the basis in the case of gifts in contemplation of death or to take effect in possession or enjoyment at or after death, if made after December 31, 1920, the same as the basis which the property would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift.' "

It therefore necessarily appears that the only conclusion which we can logically reach is that under the law, as it was in effect prior to the passage of the Internal Revenue Code of 1954, a gift made in contemplation of death must have its basis determined under section 113(a) (2) and not section 113(a) (5). We agree with the plaintiffs that this seems to be a harsh result but unfortunately for plaintiffs the relief granted by Congress in the 1954 Code came too late since its provisions were made prospective and not retroactive. We must therefore hold that the Commissioner was correct in applying the law and regulations when he denied plaintiffs' claim for refund.

Plaintiffs further argue that even if the Commissioner was correct in applying the law as written, they are entitled to recover because the law violates the fifth and sixteenth amendments to the Constitution. These same arguments were presented in the Speer and Wurlitzer cases supra, and disposed of in favor of the Government. We think that it is clear that although the tax may have been somewhat harsh it was not unconstitutional. The tax imposed was not on the same taxpayer and involved different transactions. We can find no legal basis for holding that it resulted in an unconstitutional tax. Plaintiffs' petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.

Ira GERSHWIN, Arthur Gershwin, Emanual Alexandre and Hugo Pollock, as Executors and Trustees under the Last Will and Testament of Rose Gershwin,

v.

The UNITED STATES.

No. 174–55.

United States Court of Claims.
July 12, 1957.

