Miriam Coward PIERSON, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12285.

United States Court of Appeals
Third Circuit.

Argued Dec. 5, 1957.

Decided March 27, 1958.

Milton H. Stern, Hannoch, Weinstein, Myers & Stern, Newark, N. J., for petitioner.

James P. Turner, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

This is a petition for review of the decision of the Tax Court. The primary issue presented relates to the proper basis for determining gain or loss un-

der Section 113(a) (5) of the Internal Revenue Code of 1939 [1] with respect to property received by the taxpayer following termination of certain trusts. A contingent secondary issue is whether the distribution of trust property constituted an event requiring recognition of gain or loss under Section 111(a) of the Internal Revenue Code of 1939.[2]

The facts were stipulated by the taxpayer and the Commissioner, and as stipulated were found by the Tax Court.[3] Briefly, they are as follows:

The taxpayer's grandfather created two identical trusts whose property consisted of bonds and mortgages. The income of the trusts was payable to his daughter, and at her death the property of the trusts was to revert to the settlor, if living; however, if he predeceased the life tenant, the property of the trusts was to become part of his residuary estate to be disposed of according to his will. The settlor died in 1923, predeceasing the life tenant. His will "continued" the trusts and further provided that upon the life tenant's death the trust funds were to be distributed, $500,000 to each of the three children of the life tenant, and the remainder to the settlor's son, the taxpayer's father.

The taxpayer's father died in 1925, predeceasing the life tenant. At the time of his death, his interest in the trust estates was valued at $1,300,000. By his will he left one-half of his remainder interest in the trusts to his wife, the taxpayer's mother, and one-half to the taxpayer.

The taxpayer's mother died in 1940, predeceasing the life tenant. At her death, her one-half interest in the trust estates was valued at $50,000. By her will she left her interest to the taxpayer.

The life tenant died in 1941. Protracted litigation following exceptions to the accounts of the trustee was finally settled by a consent decree under which the taxpayer received cash and nine parcels of real estate, which were conveyed to her in 1944. The real estate distributed to the taxpayer had been acquired by the trusts after 1932 as a result of foreclosure of mortgages held by the trusts. In 1944, the taxpayer sold two of the nine parcels of real estate, and in 1945, the remaining seven. Values at all material times are stipulated, but need not be stated here.

The taxpayer, on her 1944 income tax return, reported a loss on the settlement of her remainder interests in the trusts. For the purposes of this review, it need only be noted that her computation of loss employed the values of the interests of her mother and father in the trust estates as of their respective dates of death.[4] Gain or loss on the sales made in 1944 and 1945 was reported on the taxpayer's income tax returns for those years based upon the market value of the real estate on the date received by her.

1. "§ 113. Adjusted basis for determining gain or loss.

"(a) *Basis (unadjusted) of property.* The basis of property shall be the cost of such property; except that—

\* \* \* \* \*

"(5) *Property transmitted at death.* If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. \* \* \*" (26 U.S.C.1952 ed., Section 113).

2. "§ 111. Determination of amount of, and recognition of, gain or loss.

"(a) *Computation of gain or loss.*

The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized."

3. 1956, 27 T.C. 330.

4. $650,000 represented the one-half interest received from her father on his death in 1925, and $50,000 represented the one-half interest received from her mother on her death in 1940. From the total of $700,000, she deducted the cash and the market value of the real estate received in settlement.

The Commissioner disallowed the claimed loss on the settlement of the trusts on the ground that it constituted shrinkage in the value in the hands of the trustee before acquisition by the taxpayer. He also recomputed the gain or loss from the sale of the real estate using a different basis than that employed by the taxpayer. As to the one-half interest received under the taxpayer's mother's will, the Commissioner used $50,000, being the value on the date of the mother's death.[5] As to the one-half interest received under taxpayer's father's will, the Commissioner used the basis of the property in the hands of the trustee, i. e., the cost to the trustee less allowable depreciation and expenses of sale.

The taxpayer contended before the Tax Court, as she does here, that the basis of that part of the real estate received in settlement of the one-half interest in the trusts which passed to her from her father should be the value of that interest at her father's death. She contends that she acquired a "paid-for" interest, in that the value of her father's vested equitable remainder, of which he passed on one-half to her, was included in his estate for estate tax purposes, and accordingly, under Section 113 (a) (5) she is entitled to the benefit of that valuation in arriving at the basis of the property distributed to her upon the termination of the trusts.

In the alternative, the taxpayer contends that if the Commissioner's determination is correct thus far, then she is entitled to a deductible loss on the settlement of the trusts measured by the difference between total valuations of the interests she received on the deaths of her parents respectively, and the value of the property on the date of transfer to her. In short, she deems the settlement of the trusts as a taxable event, and claims as a loss the diminution in the value of the trust estates.

The Tax Court approved the Commissioner's disallowance of the loss claimed by the taxpayer on the settlement of the trusts, and the Commissioner's determination of the basis of the real estate in the hands of the taxpayer. 1956, 27 T.C. 330. In so holding, the Tax Court followed Maguire v. Commissioner, 1941, 313 U.S. 1, 61 S.Ct. 789, 85 L. Ed. 1149 and Helvering v. Reynolds, 1941, 313 U.S. 428, 61 S.Ct. 971, 85 L. Ed. 1438, relied upon by the Commissioner. We are of the opinion that the Tax Court did not err.

In the Maguire case the Supreme Court was concerned with Section 113 (a) (5) of the Revenue Act of 1928, 45 Stat. 791, 819, and in the Reynolds case with Section 113(a) (5) of the Revenue Act of 1934, 48 Stat. 680, 706, which was interpreted as having been enacted with the same intent despite minor differences in language. 313 U.S. 428, 434, 61 S.Ct. 971, 974. This section of the 1934 Act is substantially the same as Section 113(a) (5) of the 1939 Code.[6]

The law as laid down in these cases is clear: Section 113(a) provides that the basis of property is its cost. That standard controls unless, in this instance, the property was acquired by bequest, devise or inheritance. Section 113(a) (5) is confined, with minor exceptions,

---

5. The taxpayer does not dispute the correctness of this determination.

6. Section 113(a) (5) of the Revenue Act of 1928 provided that the basis of property received from a decedent was "the fair market value * * * at the time of the distribution to the taxpayer". In Maguire v. Commissioner, 1941, 313 U.S. 1, 61 S.Ct. 789, 85 L.Ed. 1149, this was construed to mean the fair market value at the date of death. That no change was intended under the Revenue Act of 1934, which substituted the phrase "at the time of such acquisition" for the phrase "at the time of the distribution" was decided by Helvering v. Reynolds, 1941, 313 U.S. 428, 61 S.Ct. 971, 85 L. Ed. 1438. The 1939 Code did not alter the terminology in this respect of the Revenue Act of 1934. Section 1014 of the Internal Revenue Code of 1954 is similar. The language "acquired either by will or by intestacy" in the 1928 Act was changed to "acquired by bequest, devise, or inheritance" in the 1934 Act, and is repeated in both the 1939 and 1954 Codes.

to the specified property owned by the decedent at his death. Section 113(a) (5) does not look beyond the distribution of a decedent's estate by his executors. Although the taxpayer's right in the property had its source in the provisions of her father's will, the specific property received was acquired after his death. Property so acquired would not be part of the original inheritance. "Certainly if the trustees themselves had sold the property, the transaction would have been taxable on the cost basis. To hold that a different basis applies in case the beneficiary made the sale would be to open an avenue for tax avoidance." Maguire v. Commissioner, 313 U.S. 1, 10, 61 S.Ct. 789, 795.

We are constrained to agree with the Tax Court, therefore, that since the real estate distributed to the taxpayer here was not a part of the trust estate at the death of her father, the basis of such property in her hands is the cost to the trustee.

■ Nor do we agree with the taxpayer that the fact that estate taxes may have been paid by her grandfather and her father with respect to interests in the trusts should make a difference. We are forewarned by the Maguire decision, 313 U.S. at page 10, 61 S.Ct.

at page 795, against deviation from the statutory scheme in the absence of clear and unambiguous language. We find nothing in Section 113(a) (5) which justifies the deviation from cost basis merely because property was included in a decedent's estate for estate tax purposes. On the contrary, under the provisions of the estate tax laws the value of property may be includable in the estate of a decedent for estate tax purposes, yet unquestionably the transfer may not be within the requirement that the property shall have passed by inheritance.[7]

■ In view of what has been said, we cannot agree with the taxpayer that she is entitled to recognition of the loss calculated on the difference between the value of her remainder interests at the death of her parents and the fair market value of the estate and cash distributed to her upon termination of the trusts. The distribution of the trust property was not a sale or exchange within the meaning of Section 111(a). The unadjusted basis of the property in the hands of the taxpayer is the cost to the trustees, and the loss, if any, is recognized at the time she disposed of the property.

For the reasons stated the decision of the Tax Court will be affirmed.

7. As to property transferred in contemplation of death: Spicer v. United States, Ct.Cl.1957, 153 F.Supp. 472; Wurlitzer v. Helvering, 6 Cir., 1936, 81 F.2d 928; Speer v. Duggan, D.C.S.D.N.Y.1933, 5 F.Supp. 722.

As to joint tenancies and tenancies by the entireties: Lang v. Commissioner, 1931, 23 B.T.A. 854, affirmed 4 Cir., 61 F.2d 280, affirmed 289 U.S. 109, 53 S.Ct. 534, 77 L.Ed. 1066; Schiesser v. Commissioner, 1933, 28 B.T.A. 640; Carpenter v. Commissioner, 1932, 27 B.T.A. 282.

As to inter vivos transfers with powers retained by the decedent; Commonwealth Trust Co., of Pittsburgh v. United States, D.C.W.D.Pa.1951, 96 F.Supp. 712; Post v. Commissioner, 1956, 26 T.C. 1055; cf. Dewees v. Commissioner, 1943, 1 T.C. 791; Beckman's Trust v. Commissioner, 1956, 26 T.C. 1172.

Reference to Section 1014 of the Internal Revenue Code of 1954 will disclose that in a number of respects the date of death basis has been extended to include property which does not literally pass by inheritance.