GEORGE W. AND HELEN C. NEWMAN, JR., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
NEWMAN v. COMMISSIONER
Docket No. 24050-83
United States Tax Court
T.C. Memo 1989-672; 1989 Tax Ct. Memo LEXIS 672; 58 T.C.M. (CCH) 1024; T.C.M. (RIA) 89672; December 26, 1989
George W. and Helen C. Newman, pro se. Randall P. Andreozzi, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioners' Federal income tax for the year 1980 in the amount of $ 4,600 and additions to tax under the provisions of section 6653(a) and 6651(a)(1) in the respective amounts of $ 231.25 and $ 283.20. *674 Respondent now agrees that petitioners are entitled to a business expense deduction in the amount of $ 433 with respect to expenses incurred in connection with a radar certification course in 1980. Respondent has also conceded the additions to tax under sections 6653(a) and 6651(a)(1). Pursuant to Court order entered under Rule 91(b), certain facts and documents herein relevant were deemed stipulated for purposes of this case. Accordingly, the issues remaining for consideration are (1) whether petitioners are entitled to a deduction for travel expenses in the amount of $ 2,244; (2) whether petitioners are entitled to a business expense deduction for office rentals incurred in 1980; and (3) whether petitioners are entitled to a bad debt deduction of $ 3,000 in the year 1980. Petitioners were residents of Arlington, Massachusetts, at the time the petition herein was filed. In 1980 petitioner George W. Newman, Jr. was employed as a full-time associate professor at the Massachusetts Maritime Academy, Buzzard's Bay, Massachusetts. On his Federal income tax return for 1980 petitioner claimed a deduction for employee business expenses in the amount of $ 4,004 which was disallowed *675 by respondent. The deduction claimed by petitioner consists of (1) away from home travel expenses under the provisions of section 162(a)(2) in the amount of $ 2,244 and (2) office rental in the amount of $ 1,760. Section 162(a)(2) allows a deduction for traveling expenses (including meals and lodging) incurred while "away from home" is pursuit of a trade or business. One of the conditions which must be satisfied is that the taxpayer must show that the expenses were incurred while "away from home." Commissioner v. Flowers, 326 U.S. 465, 470 (1946). This Court has held that as a general rule "home," as used in section 162(a)(2), means the vicinity of the taxpayer's principal place of employment and not where his personal residence is located. Garlock v. Commissioner, 34 T.C. 611, 614 (1960). Expenditures incurred for meals and lodging at the place of taxpayer's principal place of employment are nondeductible personal expenses. In 1980, petitioner was employed as a full-time associate professor at the Massachusetts Maritime Academy, Buzzard's Bay, Massachusetts, and has been so employed for some seven years. During 1980, petitioner stayed at or *676 near his place of employment and traveled home on weekends. Under these facts, it is clear that petitioner's principal place of employment in 1980 was at the Massachusetts Maritime Academy and, under the general rule, the vicinity of the school was his tax home. Consequently, the expenditures in dispute were not incurred while "away from home" within the meaning of section 162(a)(2) and the deductions for said expenses must be disallowed. Respondent is therefore sustained. Petitioner claimed the rental expenses for the room rented by him at the Stone Bridge Inn in Onset, Massachusetts, about ten minutes from the Massachusetts Maritime Academy, as an office expense which was disallowed by respondent. Petitioner bears the burden of proof. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). To prevail, petitioner must establish that the room was used exclusively as the principal place of business of his activities as an associate professor. See section 280A(c)(1)(A). The record does not support a finding that petitioner meets this threshold test. Moreover, the record shows that the academy provided petitioner with a two-room office on campus which would *677 appear to be sufficient to enable petitioner to fulfill his academic duties. An additional requirement for deductibility under the statute is that the home office must be for the convenience of the employer. See section 280A(c)(1). Since the academy did not require petitioner to maintain an office off-campus, it is evident that petitioner failed to meet the requisite statutory requirement. We must, therefore, conclude that petitioner is not entitled to a deduction for the rental payments in question as an office expense in 1980. Petitioner claimed a nonbusiness bad debt deduction in 1980 in the amount of $ 3,000 which was disallowed by respondent. Petitioner has the burden of proof. To qualify for a deduction for a nonbusiness bad debt under section 166(d)(1), petitioner must show that the debt has become totally worthless. Pierson v. Commissioner, 27 T.C. 330, 338 (1956), affd. 253 F.2d 928 (3d Cir. 1958). Moreover, petitioner must show that the nonbusiness debt became wholly worthless within the taxpayer year in which the deduction is claimed. Section 1.166-5(a)(2), Income Tax Regs. The record with respect to this issue is extremely meager *678 and generally unsatisfactory. The note in evidence is dated November 21, 1980. Petitioner explained that he made the $ 3,000 loan while staying at the Stone Bridge Inn and that the woman who signed the receipt for the loan was the owner of the property. Although petitioner testified that he consulted with several lawyers in his efforts to collect the debt and that he was advised not to pursue it, there is nothing whatever in the record to indicate when such events occurred. In view of the November 21, 1980, date on the note, it is highly unlikely that these efforts at collection were made in 1980. In any event, there is no satisfactory evidence in the record to show that the note became worthless during the taxable year 1980 within the meaning of the statute. On this record, we must conclude that petitioner has failed to meet his burden of proof. Respondent is, therefore, sustained. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩